## J. A. JOHNSON, Trustee, etc., Petitioner, v. SUPERIOR COURT OF FRESNO COUNTY ct. al., Respondents.

[1] ESTATES OF DECEASED PERSONS—DISTRIBUTION TO TRUSTEE—SUPPORT AND EDUCATION OF MINOR—JURISDICTION.—After the rendition and entry of a final decree of distribution vesting the estate of a decedent in a testamentary trustee for a minor granddaughter of the decedent, to be held until said minor shall have reached a specified age, and after said decree has become final, the superior court sitting in probate is divested of all further jurisdiction over said property, excepting, as provided in section 1699 of the Code of Civil Procedure, it may settle the accounts of the trust; and said court has no jurisdiction thereafter, upon petition of the guardian of said minor, to order said testamentary trustee to pay a stated sum per month from the trust fund for the support and education of said minor.

[2] GUARDIAN AND WARD—SUPPORT AND EDUCATION—JURISDICTION.— The probate court in a guardianship proceeding has power to provide for the support, maintenance, and education of the ward, but in the exercise of that power it may deal only with such persons and subject matter as are under its control.

[3] ID.—ADVERSE CLAIMS—PROBATE JURISDICTION.—A probate court has no jurisdiction to determine controversies between the estate in hand and adverse claimants where there is no provision of law conferring such jurisdiction. ·

[4] ID.—INVALID ORDER—APPEAL—CERTIORARI.—Where a probate court, upon petition of the guardian of a minor, orders a testamentary trustee to pay a stated sum per month for the support and education of said minor out of funds theretofore vested in said trustee by a final decree of distribution, to be held by him until said minor shall have reached a specified age, said order is not appealable, but may be reviewed on *certiorari*.

[5] ID. — ABSENCE OF JURISDICTION — CONSTITUTIONAL LAW.—The probate court being without jurisdiction to make such order, the want of such jurisdiction cannot be cured by the application of the provisions of section 4½ of article VI of the constitution.

(1) 15 C. J., p. 1008, n. 33, p. 1009, n. 42, p. 1010, n. 50, p. 1011, n. 85, p. 1013, n. 92.   (2) 28 C. J., p. 1253, n. 76.   (3) 15 C. J., p. 1013, n. 92.   (4) 11 C. J., p. 97, n. 41, p. 100, n. 71.   (5) 4 C. J., p. 1168, n. 98.

1.  See 11 Cal. Jur. 258.
3.  See 11 Cal. Jur. 260.
4.  See 2 Cal. Jur. 193.

PROCEEDING in Certiorari to review an order of the Superior Court of Fresno County, and Denver S. Church, Judge thereof, directing a testamentary trustee to pay for support and education of minor beneficiary.   Order annulled.

The facts are stated in the opinion of the court.

L. N. Barber for Petitioner.

James Gallagher for Respondents.

KNIGHT, J.—This is a proceeding for a writ of review whereby petitioner J. A. Johnson seeks to have reviewed and annulled an order made by the Superior Court in and for the County of Fresno, in the matter of the guardianship of the estate of Marie Elizabeth Moline, a minor, directing petitioner to pay to the guardian of said minor, for the latter's support and education, a continuing monthly allowance of $40 out of funds which had been distributed to petitioner as testamentary trustee under a decree of final distribution in the matter of the estate of Oliver Moline, deceased, the grandfather of said minor.

The will of the decedent contained the following provisions: "First, I give, devise, and bequeath all the property, real and personal, of which I die possessed, to my beloved granddaughter Marie Elizabeth Moline. Second, I nominate J. A. Johnson of Kerman, County of Fresno, State of California, to be the executor of this my last will and testament, without bonds. Third, I direct my said executor to keep all moneys which may be realized from the collection of notes, securities and other obligations belonging to my estate, in the First National Bank of Kerman until my said granddaughter shall reach the age of eighteen years." The residue of said estate, consisting of $5,530.99 in cash and a note secured by a mortgage in the sum of $2,500, was distributed on November 20, 1920, "to J. A. Johnson, as trustee for Elizabeth Moline," and said trustee was "directed to collect all securities belonging to said estate, and upon collection of any thereof to keep the proceeds, together with all cash belonging to said estate and hereby distributed to him, in the First National Bank of Kerman until said Marie Elizabeth Moline, shall reach the age of eighteen years."

In June, 1925, Anna M. Moline, the mother of said minor, obtained letters of guardianship of the estate of her daughter, and in October, 1925, upon petition, procured and thereafter served upon the said J. A. Johnson as trustee an order requiring him to show cause why he should not pay the sum of $40 a month from the trust fund for the support and education of said minor. In response to said order Johnson, besides appearing in court personally and by attorney, filed a written appearance setting forth that he appeared specially for the purpose of objecting to the hearing of said petition "upon the ground that the court had no jurisdiction over the subject matter of said petition or of the person of said trustee," and that he appeared "for no other purpose." The court proceeded with the hearing and after receiving oral and documentary evidence granted the guardian's petition and on November 20, 1925, entered an order directing Johnson as trustee to pay to the guardian of said minor the monthly sum of $40, commencing on October 1, 1925, and to continue until the further order of the court. At that time the minor was fourteen years of age.

[1] We are of the opinion that, as petitioner contends, the respondent court sitting in probate was without jurisdiction to make any order affecting the trust mentioned or the administration thereof for the reason that upon the rendition of the final decree of distribution in the estate of Oliver Moline, deceased, which has long since become final, the custody and control of the trust fund were definitely set apart and distributed to petitioner and that thereby the probate court was divested of all further jurisdiction over the same (*More* v. *More*, 133 Cal. 489 [65 Pac. 1044, 66 Pac. 76]; *Mackay* v. *San Francisco*, 128 Cal. 678 [61 Pac. 382]), excepting, as provided in section 1699 of the Code of Civil Procedure, it may settle the accounts of the trust. In the case last cited, in referring to the effect of the distribution of an estate to trustees, it was said: "The administration was closed, the accounts of the executors allowed and the property distributed to them in a different capacity. By their discharge as executors they were completely separated from the business of the estate as if they had been dead. (*Willis* v. *Farley*, 24 Cal. 491, 502.)"

In California Jurisprudence (11 Cal. Jur. 248) the treatise upon the subject of the jurisdiction of the probate court

clearly points out that the superior court derives its jurisdiction from the constitution, the grant of powers in matters of probate being contained in the general definition of the jurisdiction of that court; and that such court is not, therefore, while sitting in probate, a statutory tribunal, deriving its power from the act of the legislature, but a court of general jurisdiction. "Yet," says the author, "its probate jurisdiction is separate and distinct from its jurisdiction in a civil action, or in equity, and differs from them in that it is essentially a jurisdiction under the control of the legislature. The proceedings being statutory in their nature, the court has no other powers than those given by statute and such incidental powers as pertain to it and enabling the court to exercise the jurisdiction conferred upon it, and can only determine those questions or matters arising in the estate which it is authorized to do. Thus, in the exercise of the powers conferred upon it, its jurisdiction is limited and special, or limited and statutory, in the sense that its jurisdiction is limited by the mode and procedure prescribed by the statute. Not only the character and extent of the jurisdiction, but the procedure by which that jurisdiction may be invoked, are under legislative control; and that procedure must be followed, or relief under the jurisdiction cannot be secured. It is said that the code is the chart and compass of the court, which cannot amplify its jurisdiction nor arrogate to itself any power beyond that given to it by the statute. And whenever the acts of the court are shown to have been in excess of the power conferred, such acts are nugatory and have no binding effect even upon those who have invoked its authority or submitted to its decision."

[2] There appears to be no statutory authorization for the probate court to hear and determine a proceeding like the one under review. The code provisions, it is true, confer upon that court in a guardianship proceeding power to provide for the support, maintenance, and education of the ward (Code Civ. Proc., secs. 1757, 1770, 1771; Civ. Code, secs. 201, 726), but in the exercise of that power it may deal with only such persons and subject matter as are under its control.

The proceeding instituted by the guardian here to obtain said allowance was not directed against the estate of the

minor, which admittedly was subject to the control of the probate court, but against a testamentary trust which, by the rendition of the decree of final distribution, as we have seen, had been permanently removed from the jurisdiction of the probate court for all purposes excepting the settlement of the accounts of the trust; consequently neither the property belonging to the trust nor the trustee thereof were any longer amenable to the orders of that court. [3] The controversy which the probate court presumed to adjudicate was, therefore, in effect, one between adverse claimants to the trust fund; and "it is hardly necessary to cite authorities to the point that a probate court has no jurisdiction to determine controversies between the estate in hand and adverse claimants where there is no provision of law conferring such jurisdiction; but the principle is declared in the following cases: *Theller* v. *Such*, 57 Cal. 459; *Barnard* v. *Wilson*, 74 Cal. 512, 517 [16 Pac. 307]; *Bath* v. *Valdez*, 70 Cal. 360, 361 [11 Pac. 724]; *In re Burton*, 93 Cal. 464 [29 Pac. 36]; *Chever* v. *Ching Hong Poy*, 82 Cal. 68 [22 Pac. 1081]; *Smith* v. *Westerfield*, 88 Cal. 374 [26 Pac. 206]." (*In re Guardianship of Breslin*, 135 Cal. 22 [66 Pac. 962].)

[4] Respondent claims, however, that notwithstanding the probate court may have exceeded its jurisdiction in determining the proceeding in question the writ of review should be denied upon the ground that petitioner has a remedy by appeal. This claim is based mainly upon two assumptions; first, that the order directing the allowance to be paid was in effect one for the "payment of a claim" in the matter of the guardianship proceeding, and therefore appealable under subdivision 3 of section 963 of the Code of Civil Procedure; secondly, that said order amounted also to "a final judgment" from which an appeal may be taken. We think the contentions are without merit. The word "claim" as employed in the subdivision of the section mentioned "is limited to debts and claims which can be allowed, rejected, or ordered paid." (2 Cal. Jur. 193.) Manifestly the order under consideration was not based upon such a claim, but to all intents and purposes constituted an adjudication of a matter pertaining to the operation of a trust, over which the jurisdiction of the probate court had ended; and as to respondents' second point, assuming that the order assailed was "a final judgment," ad-

mittedly it was rendered in probate, and the right of appeal in probate, being purely statutory, is confined to such orders and judgments as are enumerated in subdivision 3 of said section 963 (*Wrynn* v. *Superior Court,* 197 Cal. 591 [241 Pac. 849]), which does not include the particular kind of a final judgment here contended for. It may be conceded that an appeal lies from "a final judgment" under subdivision 1 of said section 963, but that subdivision has no application to probate matters, which are provided for in a different category, by subdivision 3. (*Estate of Franklin,* 133 Cal. 584 [65 Pac. 1081]; *Estate of Winslow,* 128 Cal. 311 [60 Pac. 931].)

The case of *Murphy* v. *Superior Court,* 84 Cal. 592 [24 Pac. 310], cited by respondent, we believe is not in point for the reason that there the petitioner Murphy, who was appointed trustee by deed, was by the same instrument appointed guardian. In the latter capacity he was subject to the jurisdiction of the probate court and therefore the order directing him to pay an allowance for the ward's support was construed as a probate order for the payment of a claim, which gave him the right of appeal under subdivision 3 of said section 963.

[5] The want of jurisdiction herein cannot, in our opinion, be cured by the application of the provisions of section 4½ of article VI of the constitution.

For the foregoing reasons the order under review is annulled.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 24, 1926.