[Civ. No. 9174. First Appellate District, Division One.—December 13, 1934.]

WELLS FARGO BANK & UNION TRUST COMPANY (a Corporation), as Executor, etc., Respondent, v. LOUISE M. BROAD, Appellant.

L. C. Pistolesi, G. H. Van Harvey and Arthur G. Shoup for Appellant.

Francis V. Keesling and Garton D. Keyston for Respondent.

KNIGHT, J.—Defendant appeals from an adverse judgment in an action in unlawful detainer.

It is contended, first, that the superior court was without jurisdiction to hear and determine the action; that on account of the amount of rental claimed, the justice's court had exclusive jurisdiction thereof. We find no merit in the contention.

The determination of the question of jurisdiction depends upon the amount claimed in the *ad damnum* clause of the complaint (*Pratt* v. *Welcome,* 6 Cal. App. 475 [92 Pac. 500]; *Harris* v. *Seidell,* 1 Cal. App. (2d) 410 [36 Pac. (2d) 1104]; 7 Cal. Jur. 692) at the time of the commencement of the action (*Gardiner* v. *Royer,* 167 Cal. 238 [139 Pac. 75]), and does not depend in any way upon the amount found upon trial to be due (*Todhunter* v. *Smith,* 219 Cal. 690 [28 Pac. 916]; *Becker* v. *Superior Court,* 151 Cal. 313 [90 Pac. 689].) At the time these transactions took place section 1174 of the Code of Civil Procedure provided that in actions

in unlawful detainer the jury or the court, if the action be tried without a jury, shall assess the damages alleged and proved, occasioned to plaintiff by the unlawful detention of the premises, and shall find the amount of any rent due; and that judgment against the defendant guilty of unlawful detainer "may be entered in the discretion of the court either for the amount of damages and rent found due, or for three times the amount found". And subdivision 2 of section 112 of the Code of Civil Procedure provided that justices' courts (in judicial townships having less than 30,000 population) shall have original jurisdiction of actions in unlawful detainer "where the rental value is seventy-five dollars or less per month, *and where the whole amount of damages claimed* is three hundred dollars or less" (italics ours). Furthermore, it has been expressly held that the clause "the whole amount of damages claimed . . . " as used in the foregoing code section was intended to and does include the amount of trebled damages claimed for the unlawful detention of the premises; and that therefore if the "whole amount to be adjudged" exceeds the limitation of the amount fixed by said code section, jurisdiction of the action is in the superior court and not in the justice's court. (*Hoban* v. *Ryan,* 130 Cal. 96 [62 Pac. 296].)

In the present case, besides demanding restitution of the premises, plaintiff asked judgment for $135 claimed to be due for rentals and that said amount be trebled. In other words, the total amount of money judgment prayed for was $405; and judgment was rendered for that amount. It is evident, therefore, that the action was rightly instituted, tried and determined in the superior court.

The action came on for trial before a jury, demanded by the defendant, and at the conclusion of the evidence plaintiff moved for a directed verdict upon the ground that under the admitted facts plaintiff was entitled to judgment as prayed in the complaint. During the argument on said motion the court raised the point of the legal sufficiency of the written notice given by plaintiff to defendant fixing the amount of rental; and finally the court discharged the jury, held said notice to be *insufficient and entered a minute order* dismissing the action. Approximately three months afterwards the order of dismissal was vacated on motion of plaintiff, upon the ground that it "was and is a nullity", and the

cause was continued for further hearing, at which time no additional testimony was introduced, and the court ordered judgment in favor of plaintiff as prayed in the complaint. Judgment was entered accordingly.

Defendant now contends that the trial court was without jurisdiction to vacate the order of dismissal for the reason that said order in effect was a final judgment. But conceding, as defendant argues, that said order did constitute a final judgment, it would follow necessarily that the order vacating the same was a special order made after final judgment and appealable by defendant (subd. 2, sec. 963, Code Civ. Proc.; 2 Cal. Jur. 163); and admittedly no such appeal was taken. The appeal is from the judgment on the merits, and section 956 of the Code of Civil Procedure provides in substance that an appeal from such a judgment does "not authorize the court to review any decision or order from which an appeal might have been taken". It will be seen, therefore, that the question of the legality of the order of dismissal is a matter into which inquiry may not here be made.

Defendant further contends that in entering judgment for plaintiff on the merits, after vacating the order of dismissal, the trial court deprived defendant of the right to have the jury decide: (1) whether the relation of landlord and tenant existed between the parties; (2) the rental value of the premises; and (3) the amount of damages, if any, to which plaintiff was entitled. The admitted facts of the case show, however, that when the order of dismissal was made there was nothing left for the jury to decide. Manifestly, the question of the legal relationship of the parties was one of law for the court to determine; and the rental due plaintiff for the use and occupation of the premises was fixed by contract of the parties, evidenced by a written notice to that effect given by plaintiff to defendant, which defendant admittedly received. True, at the trial defendant introduced certain testimony as to the reasonable value of the premises; but in view of the existing contract between the parties such testimony presented nothing more than a fictitious issue. And the only damages claimed or allowed consisted of triple rents, which under the provisions of said section 1174 the court was given the discretion to allow or disallow at the time of the entry of judgment. It is apparent from the fore-

going that the situation presented by the action of the trial court in ordering the entry of judgment for plaintiff, after discharging the jury, was the same as if it had granted plaintiff's motion for a directed verdict; and clearly under the admitted facts of the case it would have been justified in so doing.

Defendant also challenges the sufficiency of the complaint and the evidence, but makes no effort to substantiate the challenge by argument or citation of authorities. Nevertheless, we have examined into the matter and find both the complaint and the evidence legally sufficient to support the judgment.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.