SHAW, P. J.
 

 JThis action was originally begun in the Superior Court of the County of Los Angeles, by a com
 
 *Supp. 762
 
 plaint filed on August 8, 1934. The ease proceeded in that court until the third amended complaint and an answer thereto had been filed. The case then found its way to the Municipal Court of the City of Los Angeles, where a supplemental complaint was filed, the case was tried, and a judgment was entered, from which the defendant appeals. The judgment roll shows that its parts, up to and including the answer to the third amended complaint, were first filed, at various times, in the superior court, and were all re-filed in the municipal court on March 11, 1935. From this we can see that the case was in some manner transferred to the municipal court on or before March 11, 1935, but we have no record of any proceedings for such transfer.
 

 At that time section 396 of the Code of Civil Procedure provided that “If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof,
 
 as determined by the complaint,
 
 if there is a court of this state which has such jurisdiction, the action shall not be dismissed but shall, on the application of either party, or on the court’s own motion, be transferred to a court having jurisdiction of the subject matter”. This was the only provision, either statutory or constitutional, under which the superior court could in any ease have transferred an action to the municipal court; and in the absence of any record of its mode of action, we assume that it undertook to proceed thereunder. But manifestly the provision above quoted gave the superior court no power to make the transfer, if that court had jurisdiction of the action. We are of the opinion that it did have such jurisdiction, and that the transfer was unauthorized, either by section 396 or otherwise.
 

 Section 5, article YI, of the Constitution, gives the superior courts original jurisdiction in all civil cases and proceedings except those in which jurisdiction is given by law to municipal or to justices’ or other inferior courts, with some other exceptions not material here; and section 13, article YI, authorizes the legislature to fix by law the jurisdiction of municipal courts. By reason of these provisions there can be no overlapping or concurrent jurisdiction of these courts. This action was filed, and the transfer to the municipal court was made after the code amendments of 1933 became effective; hence jurisdiction over the action is fixed
 
 *Supp. 763
 
 by section 89 of the Code of Civil Procedure, enacted in 1933, which gives municipal courts jurisdiction of certain specified equitable actions, none of which has any relation to the ease at bar, and also “ (a) In all eases at law in which the demand, exclusive of interest, or the value of the property in controversy amounts to two thousand dollars or less, except cases which involve the legality of any tax, impost, assessment, toll or municipal fine. ... (d) In all proceedings in forcible entry or forcible or unlawful detainer, where the rental value is two hundred dollars or less per month, and where the whole amount of damages claimed is two thousand dollars or less.” Nothing in this section gives municipal courts any jurisdiction over actions for declaratory relief. Section 1060 of the Code of Civil Procedure confers jurisdiction of such actions upon superior courts only.
 

 By the terms of that part of section 396 above quoted, jurisdiction for the purpose of a transfer must be determined by the complaint. In this respect the section sets up the same rule which has been established by judicial decision as to the mode of determining jurisdiction generally.
 
 (Becker
 
 v.
 
 Superior Court,
 
 151 Cal. 313, 316 [90 Pac. 689];
 
 Gardiner
 
 v.
 
 Royer,
 
 167 Cal. 238, 244 [139 Pac. 75] ;
 
 Hammell
 
 v.
 
 Superior Court,
 
 217 Cal. 5, 7 [17 Pac. (2d) 101] ;
 
 Holbrook
 
 v.
 
 Phelan,
 
 121 Cal. App. (Supp.) 781, 783 [6 Pac. (2d) 356];
 
 San Jose etc. Assn.
 
 v.
 
 Corum,
 
 2 Cal. App. (2d) 276, 278 [37 Pac. (2d) 866] ;
 
 Wells Fargo etc. Co.
 
 v.
 
 Broad,
 
 3 Cal. App. (2d) 45, 47 [39 Pac. (2d) 241].) The third amended complaint herein, upon which the transfer was made, contains three counts. Count 1 is hereinafter discussed. Count 2 is, in effect, a proceeding in unlawful detainer and it expressly alleges that the rental value is
 
 more than
 
 $200 per month. Count 3 is substantially an / action of ejectment and it expressly alleges that the value of the property in controversy is
 
 more than
 
 $3,000. Nothing more is needed to show that, under the constitutional and statutory provisions above cited, the superior court had, and the municipal court did not have, jurisdiction over the causes of action stated in counts 2 and 3.
 

 Count 1 contains allegations made to obtain a declaration of the rights of the parties under section 1060 of the Code of Civil Procedure. Without repeating them here, we
 
 *Supp. 764
 
 find them amply sufficient to show that there is an actual controversy relating to the legal rights and duties of the respective parties to a written instrument or contract under which plaintiff is interested, and to state fully a case for declaratory relief, which, as hereinbefore noted, is within the jurisdiction of the superior court only. This count also alleges that the sum of $224.12 is due from defendant to plaintiff, and in addition to the prayer for declaratory relief there is a prayer for a money judgment for this amount; but declaratory relief may be asked for either alone or with other relief (Code Civ. Proc., sec. 1060), so the prayer for a money judgment does not prevent the first count from being an action for declaratory relief.
 
 (Tolle
 
 v.
 
 Struve,
 
 124 Cal. App. 263, 268 [12 Pac. (2d) 61].)
 

 Section 1061 of the Code of Civil Procedure provides that the court may refuse to exercise the power to grant declaratory relief “where its declaration or determination is not necessary or proper at the time under all the circumstances”, and this gives the court a discretion to refuse such relief on the facts appearing at the trial, although the complaint fully states a case therefor under section 1060. We are informed by the points and authorities that the superior court did so refuse in this case and for that reason sent the case to the municipal court, whose judgment, now before us on appeal, is for money only. While this action of the superior court does not appear from the record, both parties agree in stating it, and we assume the correctness of their statements. The fact, however, that the court, acting upon the evidence, thus exercised its discretion against the granting of declaratory relief did not alter the nature of the action brought therefor from one for declaratory relief which was within the sole jurisdiction of the superior court, to one for the incidental relief asked for, that is, the recovery of a sum of money, which, if asked for alone, would be within the jurisdiction of the municipal court. Such a result would have followed if the complaint, while alleging facts sufficient to bring the case within section 1060, had also shown by its allegations that declaratory relief was not necessary or proper at the time under all the circumstances, in which case the action would in truth have been merely one for the consequential relief of damages and so within the jurisdiction of the municipal court.
 
 (Brix
 
 v.
 
 People’s Mutual
 
 
 *Supp. 765
 

 Life Ins. Co.,
 
 2 Cal. (2d) 446, 448 [41 Pac. (2d) 537], and first opinion in same case, Id., (Cal.) 37 Pac. (2d) 448, 449;
 
 Standard Brands
 
 v.
 
 Bryce, 1
 
 Cal. (2d) 718, 721 [37 Pac. (2d) 446] ;
 
 Jacobson
 
 v.
 
 Superior Court,
 
 5 Cal. (2d) 170 [53 Pac. (2d) 756, 757].) Here the principle is the same as in the cases where it has been held that the superior court does not lose jurisdiction of a case properly brought there because the judgment rendered is below the jurisdictional limit in amount
 
 (Gardiner
 
 v.
 
 Royer,
 
 167 Cal. 238, 244 [139 Pac. 75] ;
 
 San Jose etc. Assn.
 
 v.
 
 Corum,
 
 2 Cal. App. (2d) 276, 278
 
 [37
 
 Pac. (2d) 866];
 
 Wells Fargo etc. Co.
 
 v.
 
 Broad,
 
 3 Cal. App. (2d) 45, 46 [39 Pac. (2d) 241].) Also, the same in principle but still more closely analogous on its facts is
 
 Becker
 
 v.
 
 Superior Court,
 
 151 Cal. 313, 317 [90 Pac. 689], where it was held that the superior court did not lose jurisdiction of an action brought to foreclose a mechanic’s lien because foreclosure was refused on account of plaintiff’s failure to show his right to a. lien and the plaintiff’s claim was for less than $300 (which was then the lower jurisdictional limit for actions at law in the superior court), and that court could properly proceed and render judgment for the amount of the claim against those personally liable therefor. The Supreme Court there said: “The nature of the action as an equitable one is fixed by the allegations of the complaint. The fact that the plaintiff fails to establish all of his claims does not change the nature of the action.”
 
 Holbrook
 
 v.
 
 Phelan,
 
 121 Cal. App. (Supp.) 781 [6 Pac. (2d) 356], is another similar case. There an action brought in the municipal court to recover a sum of money and to have a lien therefor declared and enforced against real property was held to be beyond the jurisdiction of the municipal court by reason of the contents of the complaint, although the judgment was simply that plaintiff recover money, without any provision for a lien.
 

 The same conclusion may be reached by another route. An action for declaratory relief is essentially an equitable proceeding.
 
 (McCaughna
 
 v.
 
 Bilhorn,
 
 10 Cal. App. (2d) 674 [52 Pac. (2d) 1025] ; 1 C. J. S. 1046.) When a court of equity once obtains jurisdiction of a case it will decide the whole case as between the parties and not leave any part of it for future litigation.
 
 (Becker
 
 v.
 
 Superior Court, supra,
 
 at p. 316;
 
 Robinett
 
 v.
 
 Brown,
 
 167 Cal. 735
 
 *Supp. 766
 
 [141 Pac. 368];
 
 Bettencourt
 
 v.
 
 Bank of Italy etc. Assn.,
 
 216 Cal. 174, 179 [13 Pac. (2d) 659].) The superior court therefore retained jurisdiction over the case stated in the first count of the complaint herein and should have determined the issues as to the money award sought by plaintiff, even though, as in
 
 Becker
 
 v.
 
 Superior Court, supra,
 
 the amount thereof was below the limit of its jurisdiction in actions at law.
 

 In support of the judgment respondent calls attention to the distinction between a cause of action and the remedy or relief which the plaintiff seeks, and apparently contends that the fact that a court has no power to grant part of the relief sought does not prevent it from hearing the case and granting relief which is within its power, seeking to apply such a rule to the action of the municipal court here in giving a money judgment. There is no doubt of the distinction referred to, but the proposition contended for, apparently as a corollary therefrom, cannot be conceded, as far as this case is concerned. The distinction between actions at law and suits in equity is largely one of the remedy, and yet it has often been used as a convenient reference line for separating the jurisdiction of one court from that of another. The original Municipal Court Act (Stats. 1925, p. 658) used that line almost entirely for marking out the jurisdiction of municipal courts, confining them, in the main, to actions at law; and this use of it has been preserved, although with an increasing number of exceptions, in subsequent statutes, including section 89 of the Code of Civil Procedure which now regulates the matter. With the jurisdiction of a court limited to actions at law, it cannot be held that such court has jurisdiction of the case presented by a pleading in which a plaintiff seeks primarily equitable relief, and shows by appropriate allegations his right to that relief, even though on the same facts, or some of them, he might also obtain incidental relief at law. (1 C. J. S. 1161, 1162.) However, the facts necessary here for the two kinds of relief sought are not identical. In order to obtain a money judgment, the plaintiff need show only the defendant’s duty to pay and his breach of the duty. ' These facts would not entitle her to declaratory relief, to obtain which she of necessity added to her complaint allegations showing
 
 *Supp. 767
 
 the. existence of an actual controversy relating to the legal rights and duties of the respective parties and her need of declaratory relief. The complaint with these added allegations presents no longer a mere action at law, but is in the nature of a bill in equity and beyond the jurisdiction of a municipal court under our present statute.
 

 But if it were conceded that the first count of the complaint could in some way be regarded as within the jurisdiction of the municipal court and thus within the transferring power of the superior court, if it stood alone, still, as already stated, the causes of action stated in the second and third counts are unquestionably within the jurisdiction of the superior court only and could not be transferred to the municipal court. Effect could not be given to the transfer as operating on the first count only. It does not appear that there was an order so limited; and if there had been, it would clearly have been in excess of the power conferred by section 396 of the Code of Civil Procedure. That section deals with an action and provides for its transfer from one court to another
 
 as a unit
 
 and not otherwise. If a transfer is made, it requires (by a cross-reference to section 399 of the same code) that “the pleadings and papers therein” be sent to the court to which the action is transferred. No provision is made for splitting an action or complaint, retaining part and sending part to another court, and the procedure provided for transfer makes this impossible. Wheré a court is confronted by a complaint containing several counts, part-of which are within its jurisdiction and part without that jurisdiction, it cannot proceed under section 396, but must retain the ease and refuse to deal with the matters which are beyond its jurisdiction, unless by action in effect declining to exercise jurisdiction over them.
 

 It is further contended that the transfer order made by the superior court, even if erroneous, was not void and that this court has no revisory power over it. But the questions raised by such an order relate solely to jurisdiction. As we have already said, the order here was not authorized by section 396 of the Code of Civil Procedure. Until the enactment of that section as amended in 1933, there was no authority of any sort for such a transfer as this is claimed to be (except in relation to cases filed in the justices’
 
 *Supp. 768
 
 courts), and a superior court confronted with a complaint stating a ease not within its jurisdiction could do nothing but dismiss the action.
 
 (Estate of Palmieri,
 
 120 Cal. App. 698, 700 [8 Pac. (2d) 152].) It could not transfer the action to another court.
 
 (Fritts
 
 v.
 
 Camp,
 
 94 Cal. 393, 398 [29 Pac. 867].) Much less could it so transfer an action of which it had jurisdiction. “The court cannot, by holding without reason that it has no jurisdiction of the proceedings, divest itself of jurisdiction and evade the duty of hearing and determining it.”
 
 (Temple
 
 v.
 
 Superior Court,
 
 70 Cal. 211 [11 Pac. 699] ;
 
 Cahill
 
 v.
 
 Superior Court,
 
 145 Cal. 42, 46 [78 Pac. 467];
 
 Hennessy
 
 v.
 
 Superior Court,
 
 194 Cal. 368, 374 [228 Pac. 862].) The decision of the superior court that it has no jurisdiction is not conclusive where, as here, it does not depend on a finding of disputed facts.
 
 (Cahill
 
 v.
 
 Superior Cou,rt, supra.)
 
 Moreover, each of the three cases last cited was in the nature of a collateral attack on the order of the trial court declining jurisdiction and in each case the trial court was compelled to proceed, so that the effect of each decision is to hold the order complained of void. Likewise any order of transfer made here was with’out any legal authority and void and its invalidity was apparent on the face of the record. “Such an order ... is assailable wherever and whenever it may be produced, and whether the attack upon it be direct or collateral.”
 
 (People
 
 v.
 
 Davis,
 
 143 Cal. 673, 675 [77 Pac. 651].) “ ‘A void order . . . remains without effect as completely as if never entered. ’ ”
 
 (Peters
 
 v.
 
 Anderson,
 
 113 Cal. App. 158, 160
 
 [298
 
 Pac. 76].)
 

 Respondent invokes section 4%, article VI, of the Constitution in support of the judgment, contending that it is correct and hence no miscarriage of justice has occurred. But the judgment of the municipal court, being rendered in a case of which it had no jurisdiction, was void
 
 ah initio
 
 and no rights could be acquired by it.
 
 (Pioneer Land Co.
 
 v.
 
 Maddux,
 
 109 Cal. 633, 643 [42 Pac. 295, 50 Am. St. Rep. 67] ;
 
 Sullivan
 
 v.
 
 Gage,
 
 145 Cal. 759, 771 [79 Pac. 537] ;
 
 In re Wyatt,
 
 114 Cal. App. 557, 559 [300 Pac. 132].) Application of the constitutional provision cited could serve no useful purpose, and we are satisfied that it does not cover the case of a judgment void for lack of jurisdiction.
 
 (Johnson
 
 v.
 
 Superior Court,
 
 77 Cal. App. 599, 604 [247 Pac. 249].)
 

 
 *Supp. 769
 
 Respondent also marshals to the support of the judgment the rule that a party cannot complain of invited error, claiming that the transfer of this case to the municipal court was made at the instance of appellant. We have no record from which the fact necessary to support this argument appears, but even if appellant did obtain the transfer, the municipal court would not for that reason obtain jurisdiction of the case. Jurisdiction of the subject-matter cannot be conferred by consent, agreement or waiver of the parties.
 
 (Shipp
 
 v.
 
 Superior Court,
 
 209 Cal. 671, 677 [289 Pac. 825] ;
 
 Harrington
 
 v.
 
 Superior Court,
 
 194 Cal. 185, 188 [228 Pac. 15];
 
 Schwarts, Inc.,
 
 v.
 
 Burnett Pharmacy,
 
 112 Cal. App. (Supp.) 781, 784 [295 Pac. 508].)
 

 The appeal from the order denying a new trial is dismissed; the judgment is reversed and the municipal court is directed to transfer the action to the Superior Court in and for the County of Los Angeles, appellant to recover his costs of appeal.
 

 Bishop, J., and Schauer, J., concurred.