John A. Metz, Jr., William S. Doty, Robert B. Greer, and Henry Mustin, Attys., Office of Price Administration, all of Pittsburgh, Pa., for plaintiff.

Myron E. Rowley, of Aliquippa, Pa., for defendants.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. On February 24, 1945, Stephen M. Tkatch and Anna V. Tkatch entered into an agreement with Domenick Strano and Agata Strano for the sale of a certain property in Harmony Township, Beaver County, Pennsylvania. The total purchase price was $22,500, and the first payment was to be made on or before June 1, 1945. By an agreement made part of the agreement of sale the vendors, Stephen M. and Anna V. Tkatch, were given the option of remaining in the house for one month, and no longer, after June 1, 1945, on condition that they pay a rental of $110 and deliver an agreement wherein they agreed that they were not lessees in the ordinary sense of the word and waived all provisions of the O. P.A. Rent Control Regulations and submitted themselves to the local rules for eviction of tenants.

2. Owing to delays of the vendors the sale was not consummated until July 3, 1945, when the vendees tendered the balance of the purchase money, $17,500 which was accepted by the vendors. At that time, and pursuant to such payment, an agreement was entered into by which it was provided that the vendors were unable to vacate the premises immediately, but contracted to deliver possession by August 1, 1945, and waived all O.P.A. provisions and consented to the local remedies for eviction of tenants.

3. The vendors, although notified, failed to deliver possession of the premises in question on August 1, 1945, as they had agreed, and thereupon the vendees instituted an amicable action of ejectment in the Court of Common Pleas of Beaver County, Pennsylvania, for the purpose of ejecting them.

4. On August 23, 1945, Chester Bowles, Price Administrator, through the Area Rent Director of the Pittsburgh Defense-Rental Area, filed a demand for a temporary restraining order, to be followed by preliminary and final injunction, enjoining Domenick Strano and Agata Strano from proceeding with their ejectment action and for a mandatory injunction requiring them to move the Court of Common Pleas of Beaver County to strike from its records, at their costs, the alleged unlawful judgment at No. 147 September Term, 1945, D.S.B.

5. No interest of the United States is adversely affected by the eviction order.

6. Upon the date fixed for hearing upon the prayer for temporary restraining order the parties agreed to a final hearing of the matter.

Conclusions of Law

I. Judgment should be entered for defendants.

II. While the agreement between the vendors and vendees was described in part as a lease, its actual character was qualified by the exhibit attached thereto and made part thereof, and was an agreement between the vendors and vendees which was not under the jurisdiction and control of the Price Administration office or of the Area Rent Director for the Pittsburgh Defense-Rental Area.

III. The vendors having accepted the final payment for the premises in question, and at the same time having formally agreed to deliver possession on August 1, 1945, are estopped from seeking the powers of the O.P.A. and the Area Rent Director to enable them to violate their contract and maintain their possession of the premises conveyed in violation of their contract.

IV. The equitable jurisdiction of this court should not be exhorted or sought on behalf of persons when the ultimate effect of the exercise of it would be to enable such persons to violate their contract and thereby cause damage to other persons who had entered into and relied upon their said contract.

V. The plaintiff is not entitled to claim the exercise of the equitable powers of the court under the case as presented.

VI. The plaintiff's case is without equity, and the prayer for injunction is denied.

Discussion

As the court views the facts as admitted at the hearing, it is asked to exercise its equitable jurisdiction to the ultimate benefit of vendors who are trying to ignore their agreement. This agreement was based upon a payment to those persons of $17,500. True, the action is brought by the local counsel for the Price Administrator.

Their action is based upon their technical interpretation of an agreement which is not in accordance with the court's interpretation of it. Even if the court is mistaken and counsel are right as to the interpretation, the effect of an injunction would be to aid a violator of an agreement and to further injure the other party to it. In the exercise of a sound discretion such a result should not be sought by O.P.A. representatives, and certainly was not contemplated by the power to make regulations conferred upon them by law.

The counsel for the Price Administrator, when queried by the court, admitted in effect that the position of the O.P.A. was technical, and that the chief offense of the defendants was the failure to bow to the jurisdiction of the Rent Director by undertaking to avoid consequent delay by their own interpretation of the agreement between vendors and vendees.

The injunction demanded will be denied.