[Civ. No. 15941.   Second Dist., Div. Three.   Apr. 13, 1948.]

EDITH R. MOSS, Respondent, v. NADIA WILLIAMS,
Appellant.

Louis Naiditch for Appellant.

Nicolas Ferrara for Respondent.

WOOD, J.—In this action in unlawful detainer, plaintiff obtained judgment for possession of the premises and for treble damages in the sum of $945. Plaintiff's motion for judgment on the pleadings, as to the issue of possession, was granted. Testimony was received upon the issue of damages. Defendant Williams appeals from the judgment.

Plaintiff commenced the action without having complied with the Emergency Price Control Act of 1942 [56 Stats. 23; 50 U.S.C.A. App., § 901 et seq.], as amended, and the Rent Regulation for Housing prescribed by the Office of Price Administration under authority of that act. The question on appeal is whether the relationship between plaintiff and defendant was that of landlord and tenant or was that of vendor and vendee. Defendant (appellant) contends that the relationship between plaintiff and defendant was that of landlord and tenant, and that since plaintiff did not comply with the provisions of said act and rent regulation, the judgment should be reversed. Plaintiff asserts that the relationship between the parties was that of vendor and vendee, and that the provisions of that act and regulation are not applicable when such a relationship exists.

The complaint alleged that on July 11, 1944, defendant Williams and Irena Tom entered into a written agreement for the purchase and sale of certain real property located in Glendale, California; that said agreement is attached to the complaint and made a part thereof; that on August 11, 1944, and pursuant to said agreement, defendant Williams sold said property to Irena Tom; that about January 29, 1946, plaintiff purchased said property from Irena Tom, and on said date Irena Tom assigned the said agreement by written assignment to plaintiff, and plaintiff is now the owner thereof; that at all times mentioned therein plaintiff was and is the owner and entitled to possession of said property; that said property has been sold by defendant Williams, as

therein above alleged, and "the title under the sale has been duly perfected as of on or about August 11, 1946"; that defendant Williams has been in possession of said property for some time prior to and since July 11, 1944; that three other persons (other defendants herein) are in possession of said property as tenants of defendant Williams; that about August 13, 1946, plaintiff served on defendant Williams a notice in writing requiring her to quit possession of the said property within three days after the service of said notice; that a copy of said notice was attached to said complaint and made a part thereof; that about August 15th, plaintiff served similar notices to quit on the other defendants; that more than three days have elapsed since the service of said notices, and that defendants continue in possession of the premises without the consent of plaintiff; that the reasonable value of said property is $16,500; that plaintiff has sustained damages by reason of said detention of said premises in the amount of $16,500 or $250 a month.

The written agreement for the sale of said property, which is attached to said complaint, recites that the agreement was entered into on July 11, 1944, between defendant Williams, referred to therein as the owner, and Irena Tom, referred to therein as the buyer; that "In consideration of the covenants and agreements hereinafter set forth herein" the owner agreed to sell to the buyer and the buyer agreed to purchase from the owner the said described real property, subject to conditions, restrictions and reservations of record and "subject also to all provisions contained in this agreement, which covenants and agreements are part of the consideration for the sale" of said premises; that the purchase price was $12,500 cash to be paid on the day the title company advised the parties that the grant deed was ready to be recorded. It is then provided in said agreement as follows: "It is mutually covenanted and agreed that part of the consideration for the sale by the owner is that the owner and the persons now occupying the premises on the lower floor of the said property, may remain in possession by paying to the buyer, the sum of $75.00 per month as rent, but that the said tenancy shall in no event be for a period of more than two years from the day the purchase and sale is completed. The owner, however reserves the right to vacate the said premises at any time within the said two year period, which includes the persons now occupying part of the lower floor or who may occupy the same during the

said period." It is then provided therein that the owner might complete her contract for closing in the front porch with glass, and that the buyer, in addition to paying the purchase price, would reimburse the owner for the expense of such improvement provided it did not exceed $400. It is then provided therein that certain furniture in the house was included in the purchase price. It is then provided therein as follows: "It is agreed and understood that the buyer is to pay all utilities for the upper and lower tenants, there being only one meter for gas, electricity and water respectively and that the Seller in order to derive the rentals has paid all utilities and that from and after the recordation of the papers conveying the said premises from the seller to the buyer, the buyer shall pay all expenses in connection with the maintenance of the said premises, including all utilities." It is then provided therein that the agreement should serve as the escrow agreement and that the owner should pay a certain real estate company a certain commission for the sale of the property; that the owner acknowledged receipt of a certain sum of money as a deposit on the purchase price; and that the rent, taxes and insurance should be prorated as of the day the deed was recorded.

Also attached to said complaint is a writing dated July 24, 1944, signed by said seller and buyer, which provides in substance as follows: That said writing constituted an amendment and supplement to the agreement theretofore entered into in connection with the sale of said property; that in consideration of the seller's cancellation of the clause in the original agreement relative to enclosing the front porch "the parties hereto have compromised by permitting the seller, who is to retain possession for a period of two years or vacate sooner at her option, to construct a small room" at the end of the porch; that the buyer agreed to pay to the seller $100 to reimburse her for the construction of that room; and that the seller agreed to wait for the payment of the $100 "until the day she is ready to vacate the premises whether that be within the two year period or sooner."

The answer of defendant Williams admitted all the allegations of the complaint, except those regarding damages. She denied, in her answer, that plaintiff had been damaged. She alleged therein that the three days' notice which was served on her "is insufficient in that it is not in compliance with the provision of Section 6 of the Rent Regulation for Hous-

ing, entitled 'Removal of Tenant' issued pursuant to the Emergency Price Control Act of 1942, O.P.A. as amended.'' As a separate defense she alleged that the complaint did not state a cause of action in unlawful detainer; that the court had no jurisdiction over the subject matter therein; and that the Justice's Court of Glendale Township is the proper court for the maintenance of said action. The other three defendants defaulted.

The court found that the reasonable value of the use of said premises ''for the period defendants wilfully, intentionally and deliberately withheld possession thereof with knowledge of termination of their right to possession on August 11, 1946, and against the will of plaintiff, is $315, and plaintiff has been damaged thereby in the sum of $315.00, which sum is trebled, and plaintiff is entitled to recover and is allowed treble damages in the sum of $945.00.'' The court stated, as conclusions of law, that plaintiff was entitled to immediate possession; that plaintiff was entitled to judgment that she recover treble damages for wilful, intentional and deliberate withholding of said premises in the sum of $945; that ''No relationship of landlord and tenant ever existed with respect to said premises occupied by defendants either from August 11, 1944, to August 11, 1946, or after August 11, 1946, or at the time of the commencement of the action herein, and that the Regional Rent Director, Office of Price Administration, has no jurisdiction over the subject of the action herein.''

The contract was primarily one for the sale of the property by the defendant Williams and the purchase of it by plaintiff's assignor, Mrs. Tom. The matter of retaining possession (of part of the property) by the seller was an incidental and subordinate part of the basic transaction between the parties, that is, the sale of the property. The right on the part of the seller to retain possession for two years and the right on the part of the buyer to obtain possession immediately thereafter were a part of the consideration of the contract for the sale and purchase of the property. The consideration to be received by the seller, for conveying title to the property, was $12,500 cash and the right to remain in possession of the property for a period which ''in no event'' should be for ''more than two years from the day the purchase and sale is completed,'' provided that she pay $75 per month as rent for each month she remained in possession during that period. The consideration to be received

by the buyer, for paying the $12,500 and granting the seller the right to remain in possession for such time, was a conveyance of title to the property and possession of the whole property within two years after the title to the property had been conveyed to the buyer. Since the deed, conveying title to the property, was recorded on August 11, 1944, a part of the consideration to be received by the buyer was possession of the whole property not later than August 11, 1946. The relationship between the plaintiff's assignor (and the plaintiff) and the defendant Williams was that of vendor and vendee.

Although the words "rent," "tenancy," and "tenants," which usually appear in a lease agreement, are in the written agreement involved herein, their significance is to be determined from a consideration of the intention of the parties, and the objects and purposes to be accomplished by the parties, as indicated by the context of the whole agreement. As above mentioned, the whole context shows that it was their intention, object and purpose to effect a sale of the property upon certain specific terms and conditions. The retention of possession by the seller of a part of the property for a limited time after the conveyance of title was one of the terms and conditions of the agreement of sale. The buyer complied with all the provisions of the agreement on her part to be performed, namely, the paying of $12,500 cash and permitting the seller to occupy the property for the two years. The seller complied with a part of the agreement on her part to be performed, namely, she conveyed the title to the property to the seller on August 11, 1944. She occupied the property for the two years thereafter, but she failed to comply with a substantial and important part of her agreement of sale, namely, to deliver possession of the property at the end of the two years.

Appellant asserts that she was entitled to remain in possession of the property after the termination of the two years, by virtue of the provisions of section 6 of the Housing Regulation of the Office of Price Administration, and that by virtue of said section her alleged tenancy was extended indefinitely beyond the time she agreed to deliver possession. This contention is not sustainable. She asserts that the facts in the case of *Lovett* v. *Bell*, 30 Cal.2d 8 [180 P.2d 335] are similar to those in the present case, and that the decision in that case is controlling herein. In that case the court held that the "defendants were indisputably tenants of plaintiffs," and

that "Upon the undisputed facts, the rights and obligations of the parties stemming from their *landlord-tenant relationship* continued after the expiration of the lease," by virtue of said rent regulation. The facts in that case, stated generally, were as follows: That defendant in 1940 had come into possession of the property under a written lease for five years ending in 1945, which lease provided in effect that the lessors should be permitted to sell the premises during the term of the lease and thereby terminate the lease, and that the lessees should have an option to renew the lease upon the expiration of the five years; that in 1944 the parties, by written agreement, so modified the lease that the lessors relinquished their right to sell the premises free and clear of the lease prior to the expiration of the lease, and that the lessees relinquished their right to exercise the option to renew the lease and stated that they did not have any interest in said premises after the expiration of said lease term of five years; and that the lessees paid the lessors $1,250 for such modification. In other words, the lessees therein, in order to be secure in their occupancy of the premises for the full five years, paid the lessors $1,250 and agreed to surrender possession at the end of the five years; and that the lessors gave up their right to terminate the lease during the five years. The relationship between the parties in that case, being based solely upon the lease, was that of landlord and tenant, and the provisions of the rent regulation were applicable therein. It is therefore clear that that case is distinguishable from the present case.

In the case of *Bowles* v. *Strano*, 62 F.Supp. 9, an agreement to sell real property was made in February, 1945, and by another agreement which was made a part of that agreement the sellers were given an option to remain in possession of the property for one month after June 1, 1945, and no longer, on condition that they pay a rental of $110, that they agree they were not lessees in the ordinary sense of the word, and that they waive the provisions of the rent regulation. By reason of delay on the part of the sellers therein the sale was not completed until July 3, 1945, when the buyers paid the balance of the purchase money, and another agreement was entered into by which it was provided that the sellers might remain in possession until August 1, 1945. The sellers therein failed to deliver possession of the property on August 1st, and the buyers commenced an action in ejectment. Thereafter plaintiff Bowles, as Price Administrator, sought an injunction in the United States District Court enjoining the

buyers from proceeding with the ejectment action. The injunction was denied, the court stating that: "While the agreement between the vendors and vendees was described in part as a lease, its actual character was qualified by the exhibit attached thereto and made part thereof, and was an agreement between the vendors and vendees which was not under the jurisdiction and control of the Price Administration office or the Area Rent Director. . . . The vendors having accepted the final payment for the premises in question, and at the same time having formally agreed to deliver possession on August 1, 1945, are estopped from seeking the powers of the O.P.A. and the Area Rent Director to enable them to violate their contract and maintain their possession of the premises conveyed in violation of their contract."

The case of *Montano* v. *Kimmel,* 57 N.Y.S.2d 281, was an action for specific performance of a contract to sell real property, and the defendant therein (the seller) contended that by reason of a provision in the contract for a six months' lease he became plaintiff's (buyer's) tenant and was therefore under the protection of the Rent Regulation for Housing. The court therein denied defendant's motion to strike the case from the equity calendar, and said: "It is to be noted that the dealings between the parties concerned primarily a contract of purchase and sale of a house. The reference therein to a six months' lease, while important, was but incidental and subordinate to such contract. By invoking the rent regulations, it seems to me that the defendant overlooks the fact that such regulations refer to situations where the owner of property desires to evict a tenant as such, so as to occupy the latter's apartment for his own use. It is my view that the rent regulations, however, do not refer to a situation of a purchaser and seller such as in the case at bar, where the seller agrees to vacate his own apartment at a specified time and deliver same to the purchaser as part of the bargain."

The case of *Raguso* v. *Ferreira,* 60 N.Y.S.2d 418, was an action for specific performance of a contract to sell real property. The contract provided that the seller "will move from the premises as soon as he found rooms, but not to be later than three months from the date of closing." The deed therein was delivered and "title closed" on June 2, 1945. The seller did not move at the time agreed upon, that is September 2, 1945, and was still in possession when the action was tried in January, 1946. The defendant (seller) asserted that the relationship of landlord and tenant had been created and

that he was willing to pay such rent as the Office of Price Administration should determine. The court therein held in favor of the buyer, and cited with approval the Montano case, above discussed.

The case of *Reichbach* v. *Bonoff*, 66 N.Y.S.2d 404, was an action for specific performance and ejectment. In April, 1945, defendant therein agreed to sell a dwelling to plaintiff, and the contract provided that the seller might retain possession until October 1, 1945, upon paying his portion of the operating expenses, but if the seller was unable to obtain other quarters he might remain an additional period, in any event, not to extend beyond January 1, 1946. Plaintiff therein paid the purchase price, and title passed to him on January 7, 1945. The court said: ''Over 10 months has gone by since the contract was signed,'' and that plaintiff's motion to strike out certain affirmative defenses ''must be granted on the authority of *Raguso* v. *Ferreira* [*supra*]. . . .''

The conclusion of the trial court that the relationship of landlord and tenant did not exist between the parties and that the Office of Price Administration had no jurisdiction herein was correct.

The action herein was tried on December 6, 1946, and at that time the defendants were still in possession of the property. According to a statement in appellant's brief, she voluntarily surrendered possession of the property on February 21, 1946 (apparently it was intended to state 1947). Appellant asserts that, accordingly, the only issue remaining on appeal is the propriety of judgment for treble or any damages. ▇ Respondent asserts that the act of appellant in surrendering possession was a compliance with the judgment, and that the effect thereof was to terminate the litigation and to render the question on appeal moot. Irrespective of whether the question of possession is moot, the issue as to the correctness of the judgment for damages remains for determination. Since it is also necessary under that issue as to damages to determine whether the relationship between the parties was that of vendor and vendee or that of landlord and tenant, it is not necessary to decide whether the issue as to possession is moot.

▇ As to damages, the trial court found the amount thereof up to the date of trial on December 6, 1946, to be $315, and then it ordered that plaintiff recover three times that amount or $945. ''Judgment against the defendant guilty of . . . unlawful detainer may be entered in the dis-

cretion of the court either for the amount of the damages and the rent found due, or for three times the amount so found." (Code Civ. Proc., § 1174.) In section 1161a of the Code of Civil Procedure, it is provided: "In either of the following cases, a person who holds over and continues in possession of real property, after a three-day written notice to quit the same, shall have been served upon him, . . . may be removed therefrom as prescribed in this chapter. . . . 4. Where the property has been duly sold by him, or a person under whom he claims, and the title under the sale has been duly perfected." It therefore appears that unlawful detainer was a proper form of action here, and that the court was authorized to allow treble damages. The evidence was sufficient to support the finding and judgment of the trial court as to damages.

Appellant's alleged defense, above referred to, that the proper jurisdiction in which to try this action was the Justice's Court of Glendale Township, has not been presented on appeal. In an unlawful detainer action "The determination of the question of jurisdiction depends upon the amount claimed in the *ad damnum* clause of the complaint. . . ." (*Wells Fargo Bk. & U. T. Co.* v. *Broad,* 3 Cal. App.2d 45, 46 [39 P.2d 241].) In the present case it was alleged, as above stated, that plaintiff sustained damages in the amount of $16,500 or $250 a month. The superior court had jurisdiction.

The judgment is affirmed.

Shinn, Acting P. J., and Vallée, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 10, 1948.