## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 8645.   July 8, 1955.]

PASADENA INVESTMENT COMPANY (a Corporation), Plaintiff and Appellant, v. PEERLESS CASUALTY COMPANY (a Corporation) et al., Defendants and Appellants.

McLaughlin & Casey for Plaintiff and Appellant.

Anderson, McPharlin & Conners for Defendants and Appellants.

BISHOP, Acting, P. J.—It may well be that when this action returns to the trial court, steps will be taken to give that court jurisdiction to try it—over again. The futility of this procedure does not escape us, nor does it avoid its necessity. ■ Trying a case before a court that lacks jurisdiction is itself a futile act, and an appeal from a judgment following such a trial can have only one outcome, a reversal.

The trial court lacked jurisdiction from the moment that a cross-complaint was filed for declaratory relief. The complaint set up several causes of action upon a fidelity bond given by the Peerless Casualty Company. One of the defendants, Robert Sheahan, had sold his business some time before the complaint was filed, and set up an escrow with a bank for the consummation of the sale, the sum of $3,500 being called for by the escrow instructions. The plaintiff in this case filed a claim as a creditor of Sheahan, an act which held up the closing of the sale.

The object of the cross-complaint, which brought the bank in as a cross-defendant, was to have an adjudication of the validity of plaintiff's claim as a creditor (plaintiff hoping to have it declared invalid), so that the escrow holder, the bank, could act with safety. If an action in interpleader could be brought by a claimant to a fund held in escrow, the cross-complaint would closely resemble such an action. ■ An interpleader action, however, may not be brought by a claimant to a fund, but a claimant may take the initiative by bringing an action for declaratory relief, and that is what cross-complainant Sheahan did. We see no reason to consider the pleading anything other than what it purported to be, a cross-complaint for declaratory relief, and no one contends that it was anything else. ■ But the trial court had no jurisdiction over a cause of action for declaratory relief. (*Cook* v. *Winklepleck* (1936), 16 Cal.App.2d Supp. 759, 763-764 [59 P. 463, 465-466] ; Code Civ. Proc., § 1060; *Ralphs Grocery Co.* v. *Amalgamated Meat Cutters & Butcher Workmen* (1950), 98 Cal.App.2d 539, 542 [220 P. 802, 804].)

■ The plaintiff seeks to escape the consequences of the conclusion that the trial court had no jurisdiction by persuading us that jurisdiction had been restored by action amounting to a retraxit of the cause of action pleaded in the cross-complaint. Sympathetic as we are to any reasonable interpretation that will avoid a reversal on jurisdictional

grounds, we find ourselves unable to agree with the plaintiff. Supplementing the record brought to us by the appellant, we secured the entire file from the trial court. We find that the cross-defendant escrow holder made a motion purportedly under section 386.5, Code of Civil Procedure, to be allowed to pay into court the sum held in escrow. That section begins: "Where the only relief sought against one of the defendants is the payment of a stated amount of money alleged to be wrongfully withheld, . . ." That condition did not exist, and the trial court lacked jurisdiction, but the motion was granted. Then the parties stipulated that the larger part of the sum paid into court should be paid at once to the cross-complainant Sheahan. Subsequently, they entered into a stipulation dismissing the action as to the defendant Sheahan, and agreeing how the sum still remaining in the court's possession should be divided. This stipulation was brought before the trial judge at the beginning of the trial of this action, and he was given the option of making use of the stipulation in rendering judgment, or of approving it at once. He adopted the latter course.

The trial proceeded, and, as the recitals preliminary to the findings of fact note, no evidence was offered "in behalf of defendant Robert Sheahan on his cross-complaint for declaratory relief in the above entitled action. . . ." The judgment as ordered and as entered dismissed the cross-complaint.

We have, then, an action beyond the jurisdiction of the trial court because of the presence of a cross-complaint for declaratory relief: an order entered by the court that lacked jurisdiction, made on the theory that the cause of action for declaratory relief served as one in interpleader; a further order, by the court without jurisdiction, giving effect to the stipulation of the parties as to the disbursement of moneys the court held without any supporting pleadings; and a judgment, after a trial, dismissing the cross-complaint because no proof had been offered in its support. We see no escape from the conclusion that the jurisdiction that was lacking was not obtained by taking steps as though it existed. Nor did the failure of the cross-complainant to prove his cause of action, because he believed he had obtained that which he desired without proving it, operate as a retraxit, under the circumstances.

The judgment is reversed, each party to bear his own costs of appeal.

Patrosso, J., and Swain, J., concurred.