[L. A. No. 12433. In Bank.—June 30, 1931.]

PACIFIC STATES CORPORATION (a Corporation), Appellant, v. PAN–AMERICAN BANK OF CALIFORNIA (a Corporation) et al., Respondents.

Robert Brennan and Russell & Heid for Appellant.

Louis W. Myers, O'Melveny, Tuller & Myers, Elbert W. Davis, J. H. Hoffman and Albert A. Rosenshine for Respondents.

THE COURT.—Plaintiff has prosecuted this appeal from a judgment of dismissal entered upon the sustaining of a general demurrer to the complaint without leave to amend. The action was brought under section 1060 of the Code of Civil Procedure to obtain a declaratory judgment determining the rights of the parties under a certain leasehold agreement, and more specifically in and to certain fixtures, furniture, safe-deposit boxes, chattels and other property of a personal nature located in and upon the leasehold premises. As ancillary to such declaratory judgment the plaintiff prays that defendants be enjoined from removing, as they threaten to do, any portion of said property from the premises. So far as pertinent here, section 1060, *supra,* provides that any person interested under a deed, will, or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action for a declaration of his rights and duties in the premises, in-

cluding a determination of any question of construction or validity arising under such instrument or contract. The section further provides that such a declaration of rights and duties may be requested either alone or with other relief and may be had "before there has been any breach of the obligation in respect to which said declaration is sought".

The complaint alleges, in substance, that on or about December 30, 1926, plaintiff and the defendant Pan-American Bank of California, hereinafter referred to as the bank, entered into a written contract of lease under the terms of which plaintiff let and demised to the bank for banking and office purposes certain real property in the city of Los Angeles; that the lessee has since installed in the premises a large amount of valuable fixtures, furniture, safe-deposit boxes, chattels and personal property; that the lessee is in default, under the terms of the lease, by reason of its failure to pay and discharge, as provided therein, all taxes and charges levied and assessed against the property in excess of $25,000 per annum, and also by reason of its failure to pay certain electrical bills; that the defendants Rosenshine and Ewing, as superintendent and special deputy superintendent of banks, have assumed control and taken possession of the property and business of the bank for the purpose of liquidating the bank and converting its assets into cash; that under and by virtue of the terms, covenants and conditions of the lease, all of said fixtures, furniture, safe-deposit boxes, chattels and personal property are required to be kept and maintained in the leased premises and are not to be removed therefrom; that the defendants claim and contend they have the right to remove said property from the leased premises and to dispose of the same, and that they have threatened to and will, unless restrained, remove and dispose of such property; and that by reason of the foregoing facts an actual controversy has arisen between plaintiff and defendants relating to the legal rights and duties of the respective parties with reference to the lease and the described property. The complaint concludes with a prayer for judgment declaring and determining the rights and duties of the parties with respect to each other under the lease and with respect to the fixtures, furniture, safe-deposit boxes, chattels and personal property. It is also prayed

that it be declared and adjudged that all of said property be kept and maintained in the leased premises, that plaintiff has a lien thereon, and that defendants be enjoined from removing any portion of the same.

The lease, a copy of which is attached to and made a part of the complaint, contains many provisions having to do with the property and fixtures referred to in the complaint. They read, in part:

"Fifth: . . . that all alterations, additions and improvements made in or to the premises shall, unless otherwise provided by written agreement or by the terms hereof, be the property of lessor and remain and be surrendered with the premises, and lessee hereby waives . . . all claims for damages to or loss of any property belonging to the lessee that may be in or upon the premises. . . .

"Eleventh: Upon any termination of this lease, or any renewal thereof without fault or default upon the part of the lessee, but not otherwise, the lessee may remove all furniture and fixtures installed by it in the demised premises, provided, however, that it must totally restore and refinish the portions of said premises occupied or used for said furniture and fixtures to the same condition as they were previous to the installation of such furniture and fixtures.

"All of the improvements by lessee in the demised premises shall at the termination of this lease be and become the property of the lessor. Lessee hereby gives and grants to lessor a lien upon, and hereby hypothecates to lessor, all fixtures, chattels and personal property of every kind and description now or hereafter to be placed or installed in said premises and agrees that in the event of any failure on the part of the lessee to comply with each and every of the covenants and obligations hereof, or in the event of any default continuing for three (3) days after notice of default as hereinafter provided for in the payment promptly when due of any rents herein specified, lessor may take possession of and may sell the same in any manner provided by law and may credit the net proceeds upon any indebtedness due, or damage sustained by lessor without prejudice to further claims thereafter to arise under the terms hereof. . . .

"Thirteenth: Lessee hereby agrees not to remove any fixtures from said leased premises during the term hereof, without the written consent of lessor first had, and further agrees that when said premises are surrendered to lessor, all injury and damage of any kind done to said leased premises or any portion thereof, or any additions, fixtures and appurtenances therein shall, if desired by lessor, be repaired by lessor, and the amount expended therefor shall be paid by lessee to lessor upon demand, reasonable wear and tear excepted. . . .

"Sixteenth: It is hereby covenanted and agreed that if lessee shall fail to comply with any of the covenants, terms or conditions of this lease or any notice given hereunder, or if it shall remove or manifest an intention of removing its furniture and fixtures, or any of them, from the leased premises while in arrears as to the payment of rent, or shall become insolvent, or shall make an assignment for the benefit of creditors, or if any of its property be attached and said attachment not promptly released, or if an execution be issued against it, or, if a petition be filed by or against it, to have it adjudicated a bankrupt, or if a trustee or receiver shall be created or appointed to take charge of its assets, or if it shall desert or abandon the leased premises for a period of twenty-four hours, then or at any time thereafter the lessor may at its option enter into said demised premises and remove any and all persons therefrom and take and retain possession thereof either with or without process of law. . . .

"Eighteenth: It is expressly understood and agreed by and between the parties hereto that if the rent herein reserved and agreed to be paid, or any part thereof, shall be unpaid on the day of payment whereon the same ought to have been paid, and for three days thereafter, or if default shall be made in any of the covenants or agreements herein contained, or if lessee shall become insolvent or make an assignment for the benefit of its creditors or shall be adjudicated a bankrupt, or a receiver or trustee appointed by lessee, or if lessee shall violate any of the terms of this agreement, it shall and may be lawful for lessor, its agent, attorney or assigns at its or their election to declare said term ended, and enter into said demised premises or any part thereof, either with or without process of law, and the

lessee or any other person or persons occupying or being in or upon the same, to expel, remove and put out, together with the goods and chattels found therein, or to take possession of said goods and chattels or any part thereof as security as herein provided, . . . and lessee, except as to the written notices herein expressly provided for, hereby waives all right to any notice from said lessor of its election to declare this lease at an end under any of the provisions, or any demand for the payment of rent, or for possession of the demised premises. . . . ''

■ It is readily apparent that there is ample room for an attempted construction and reconciliation of these several provisions and an adjudication of the rights and duties of the parties thereunder. While the complaint in this action may not be a model pleading, we are of the view that the court below erred in sustaining a general demurrer thereto without leave to amend. As we understand section 1060, *supra,* it is sufficient if a plaintiff allege facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and request that these rights and duties be adjudged by the court. (*Oldham* v. *Moodie,* 94 Cal. App. 88, 89 [270 Pac. 688].) ■ In opposition to this conclusion, and in support of the judgment on demurrer, respondents' principal claim is that the appellant is not entitled to any relief under the facts stated in the complaint because the provision of the lease purporting to create a lien in the lessor upon the fixtures and personal property referred to in the complaint is asserted to be insufficient for that purpose in that no valid lien independent of possession can be created upon personal property except by way of chattel mortgage. We do not find it necessary to determine this point on this appeal, for the reason that all that this court now has before it is the complaint and demurrer. There can be no doubt, of course, that such a lien is valid as between the parties, and valid against all persons who, before parting with value, had actual knowledge thereof (Civ. Code, sec. 2973), and whether the creditors represented by the superintendent of banks come within this category can only be made to appear by answer. ■ Moreover, appellant not only asks for an adjudication of its rights under the lien provision, but requests that the respective rights of

the parties be adjudged and determined under the several other provisions of the lease dealing with the fixtures and personal property installed by the lessee in the leasehold premises. By way of illustration, the fifth and eleventh clauses of the lease provide that all alterations, additions and improvements made in or to the leased premises shall at the termination of the lease become the property of the lessor, and by the thirteenth clause of the agreement the lessee agrees not to remove any fixtures without the written consent of the lessor. In the sixth paragraph of the complaint the appellant alleges that all of the fixtures, furniture, safe-deposit boxes, chattels, etc., added to or installed in the demised premises are required to be there maintained, while the respondents claim the right to remove them. In the absence of an adjudication of the rights of the parties with respect thereto, it cannot be definitely determined which fixtures the lessee, or those claiming under it, may remove without doing violence to the provisions of the lease. The allegations of the complaint are sufficiently broad to require a determination of the rights and duties of the parties at least in this particular. Moreover, by the terms of the sixteenth and eighteenth clauses of the lease it is provided that in the event the lessee shall become insolvent or make an assignment for the benefit of creditors, or shall be adjudicated a bankrupt, or a receiver or trustee shall be appointed for it, the lessor may declare the term ended, enter the demised premises, and take possession of the furniture and fixtures. We are of the opinion, in view of the liquidation proceedings and in the face of respondents' threat to remove said fixtures and furniture, that the complaint is sufficiently broad to warrant an adjudication and determination of the appellant's rights under these clauses.

Assuming, as respondents urge, that appellant has failed to allege the giving of the notice necessary under paragraph fifteen of the lease to work a termination thereof, and that such an allegation is essential to the statement of a cause of action, section 1060, *supra,* as already shown, expressly provides that the construction of a written instrument or the adjudication of the rights and duties of the parties thereunder may be had in cases of actual controversy or disagreement "before there has been any breach of the obligation in respect to which said declaration is

sought". This being so, it is unnecessary, in an action for declaratory relief, that the plaintiff allege facts showing that the adversary party has violated or breached the terms of the written instrument. In conclusion, it might be said that appellant is not foreclosed, as respondents contend, from now urging any of the above points, for our only consideration on this appeal is whether the court below erred, and we believe it did, when it sustained the general demurrer without leave to amend.

The judgment must be and it is hereby reversed, with direction to the trial court to overrule the demurrer.

A rehearing was denied on July 30, 1931, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing herein is denied.

In denying this petition, it should not be understood that the court has expressed an opinion as to the validity of the lien provisions in the lease, or that the court has determined what effect section 21a of the Bank Act has on such purported lien, for the reason that the court is of the opinion that the complaint sufficiently alleges a controversy in reference to other clauses of the lease to entitle plaintiff to a determination of its rights thereunder.