[Civ. No. 8490. First Appellate District, Division One.—June 13, 1932.]

F. II. TOLLE et al., Respondents, v. R. E. STRUVE et al., Defendants; HELEN G. SUTTON, Appellant.

Rush & Beirne for Appellant.

Tanner, Odell & Taft for Respondents.

DOOLING, J., *pro tem.*—This is an appeal upon the judgment-roll alone by defendant and cross-complainant Helen G. Sutton from a judgment entered in an action for declaratory relief under section 1060 of the Code of Civil Procedure.

It appears from the findings that defendants R. E. Struve and Autumn Struve, husband and wife, being the owners of certain real property in the town of Carlsbad, San Diego County, entered into a written lease whereby they let to the plaintiffs, twenty-two in number, said real property for a period of ten years at $250 per month and agreed to construct thereon a building for use as a theater and stores. While the building was under construction the twenty-two plaintiffs sublet the property to defendant Clark at the same rental and for substantially the same term. Defendant

Clark, upon completion of the building, entered into possession. Subsequently Clark entered into a partnership in the lease with defendant Atkison and Atkison transferred his interest to defendant Lewis, who in turn transferred to appellant Helen G. Sutton. In like manner Clark transferred his remaining interest to defendant Sonneman and Sonneman transferred to appellant. Thus since on or about April 11, 1928, appellant Helen G. Sutton has been the owner of the furnishings and equipment and the successor to Clark in the sublease from plaintiffs to Clark. The court found that appellant had assumed the obligations of this sublease. In the meantime the defendants Struve, the original owners and lessors, had transferred their interest to the defendants Lavery and Gustin.

In July, 1929, appellant Helen G. Sutton, claiming that by reason of faulty construction and deterioration of the building it was rendered unfit for theater purposes, attempted to terminate her tenancy therein and any liability that she might be under by reason of either the original lease or the sublease. Plaintiffs in turn attempted to terminate their liability under the original lease on the same grounds, but defendants Lavery and Gustin insisted upon their continued performance.

This action was then brought by the twenty-two plaintiffs, the original lessees, against the Struves, Lavery and Gustin, and the appellant Sutton and all the intermediate sublessees, and in the complaint and an amendment thereto plaintiffs set out the facts substantially as above recited and asked for declaratory relief against the defendants determining whether the lease and sublease were valid and subsisting, whether there was any legal ground for the cancellation of either, and the respective rights, duties and obligations thereunder of all parties to the action.

Appellant, after a demurrer interposed by her to the complaint had been overruled, answered and filed a cross-complaint. By her cross-complaint she sought declaratory relief decreeing that she had attorned directly to Lavery and Gustin and that no relation of landlord and tenant had ever existed between her and plaintiffs, that she had never assumed the obligations of either the lease or sublease, but was a tenant of Lavery and Gustin from month to month, alleging certain defects in the construction of the building

and deterioration thereof and asking that it be adjudged that she was under no further obligation to any of the parties.

Defendants Struve, Lavery and Gustin by cross-complaint sought declaratory relief construing the original lease and the reformation thereof in a certain particular and asked judgment in favor of Lavery and Gustin for the rental accrued and unpaid thereunder.

The court after a trial made elaborate findings construing both leases, denying the prayed reformation, defining the rights of all parties under both leases, determining that appellant had assumed the obligations of the sublease, and that those obligations were still subsisting and binding upon appellant; that Sonneman and Clark were still bound by the terms of the sublease; and awarding judgment to Gustin against plaintiffs for the past due rents under the original lease. Appellant Helen G. Sutton was the only one to appeal from the judgment entered pursuant to the findings.

By demurrer to the original complaint and by motion to dismiss at the close of the trial appellant presented certain objections which she now urges as grounds of reversal.

She first argues that the provisions of section 1060 of the Code of Civil Procedure are not broad enough in scope to permit the trial of an issue of fact in an action for declaratory relief, and that since the rights of the parties are dependent upon a question of fact, the claimed defects in construction of and deterioration in the building and the extent, character and effect thereof, the trial court was without jurisdiction. This argument is supported by an elaborate analysis of the terms of section 1060 and the other sections of the Code of Civil Procedure relating to declaratory relief, and extensive citation and discussion of opinions from other states and Great Britain construing the provisions of their various declaratory relief statutes. We do not feel called upon to follow appellant into the field of foreign legislation and decision on this point, nor to engage in an analysis of the provisions of our own declaratory relief statute, for the reason that we consider this question to be definitely foreclosed by the decision of our own Supreme Court in *Hess* v. *Country Club Park,* 213 Cal. 613 [2 Pac. (2d) 782]. In that case the plaintiff, who held certain real property under a deed containing certain restrictive pro-

visions, sought and secured declaratory relief adjudging that by reason of the change in condition and character of the. neighborhood it was no longer suitable for residence purposes and hence the restrictions were no longer binding or enforceable. The sole question involved in that proceeding was dependent upon the determination of a question of fact, the change in character and use of property in the neighborhood involved. In affirming the judgment the court said at page 615:

"The pleadings in this case present a practical situation which calls for declaratory relief. The owner of a lot in a tract of land claims that certain restrictive covenants and conditions are no longer enforceable because of a change in the character of the neighborhood. The original grantor and the owners of other lots in the tract claim, on the contrary, that the covenants and conditions are still enforceable, that they constitute easements upon the lot in question and that their violation will be ground for injunctive relief and the forfeiture of the lot owner's title. If the lot owner can obtain a declaration in his favor, he may safely proceed to improve his property as he wishes. If such a declaration is refused, he is put in the hazardous position of being obliged to violate the terms of the restrictions before he can know whether or not he must suffer the penalties mentioned. It is inconceivable that he must run the risk of forfeiting any further investment, or even his title to the land, in order to obtain an adjudication of his rights. *It seems clear that the declaratory relief statute was intended to relieve a party from exactly such a dilemma. Unless it can be availed of in a situation such as this, it will lose a large part of the value which, upon its enactment, was supposed to attach to it.*" (Italics ours.)

Unless the Supreme Court sees fit to recede from the position taken in this case, which seems entirely improbable, it can be no objection to a proceeding for declaratory relief that it involves and depends upon the determination of a question of fact.

Appellant asserts further that if her attempt to terminate her obligations under the leases constituted a breach of legal duty it was one which gave rise to a cause of action for remedial relief against her and that being so, there was no longer any room or occasion for the invocation

of the statute authorizing declaratory relief. The statute itself seems to afford a complete answer, providing as it does (Code Civ. Proc., sec. 1060): "He [the plaintiff] may ask for a declaration of rights or duties, either alone or *with other relief. . . .*" (Italics ours.) We can conceive of no meaning to be attributed to the italicized language unless the statute contemplates the giving of declaratory relief as well after a breach of legal duty as before. This conclusion is strengthened by the additional language of the section that "the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time". The concluding sentence of the section further bears this out: "Such declaration *may* be had before there has been any breach of the obligation in respect to which said declaration is sought." (Italics ours.) The use of the word "may" is permissive, not mandatory. It serves to make clear what the legislature feared might otherwise be obscure in view of the fact that historically nearly all relief by way of judgment in common-law courts had been limited to redress for completed wrongs, that this statute contemplated declaratory relief regardless of whether there had been an actual breach of obligation or not. It does not limit the right to such relief to cases where no breach has in fact occurred.

■ Appellant assumes the position, as stated in her closing brief: "That the declaratory judgment nowhere empowers a court to pronounce a judgment purporting to revoke the action of the parties in breaching a contract. When by a breach or abandonment or repudiation of an obligation certain legal rights and duties of others have become fixed under the law as it then exists, the court cannot restore the parties to a *status quo ante* and from that vantage point then proceed to declare their rights."

In this statement appellant mistakes the effect of her repudiation of the lease. No abandonment by her can terminate the lease unless her landlords elect to treat it as terminated. In spite of the repudiation by the tenant the landlord may stand upon his lease and sue for each installment of rent as it falls due. (*Phillips-Holman, Inc.*, v. *Peerless Stages, Inc.*, 210 Cal. 253, 258 [291 Pac. 178]; *Bradbury* v. *Higginson*, 162 Cal. 602, 604 [123 Pac. 797]; *Strei* v. *Brooks*, 95 Cal. App. 589, 594 [273 Pac. 145].) It thus

becomes apparent that the case was a very proper one for the determination of the rights of the parties by a declaratory judgment. Both leases had several years to run. The right to recover future installments of rent under both leases depended upon the question whether the condition of the building justified appellant in terminating the lease under which she held. So far as those future rights were dependent upon that question they could be, and were, determined for all parties by the judgment in this action.

Appellant attacks the allowance of a judgment in favor of Gustin against plaintiffs for accrued rent. It falls well within the provision of the section allowing "a declaration of rights or duties, either alone or *with other relief*". (Italics ours.)

Finally appellant claims that the complaint failed to state a cause of action for declaratory relief because it does not contain any allegations showing the existence of an "actual controversy" between the parties. In this connection appellant says in her opening brief:

"Now we assert that the plaintiffs' bill of complaint in this action nowhere states *what their contention is* in the premises, nor does it state what the countercontention of the defendants is. In other words, the bill does not offer an issue, and, of course, where no issue is offered none can be made. And where there is no distinct and definite issue made by the pleadings, how can the court render a judgment that shall be pleadable as *res judicata?* Yet that characteristic of the judgment in a DECLARATORY suit, the characteristic of its being *res judicata,* is the one and only reason for the judgment. . . . "

It might be pertinently inquired if the judgment is not *res judicata* as to the matters therein determined why appellant is so anxious to have it reversed. As a matter of fact the complaint stated so much of "actual controversy" that many of its allegations were denied by the various parties, and the issues tendered by the complaint and the cross-complaints took eight days to try. However, this particular point was so satisfactorily disposed of in the written opinion prepared by the Hon. Chas. C. Haines who tried the case in the court below that we adopt the following portion of that opinion as a part of the opinion of this court:

"In my judgment, therefore, the questions whether declaratory relief can and ought to be awarded in this case depend for their solution on the inquiry whether an actual controversy has been made to appear 'relating', to use the language of the statute, 'to the legal rights and duties of the respective parties'. It is claimed that the pleadings here fail to disclose such a controversy actually existent, that the plaintiffs 'do not come into court with a claim of rights "manifested by appropriate averments"', moreover that they do not allege 'by appropriate averments' a 'contradictory claim of rights in someone else', and that, in consequence, they have 'tendered no issue of any kind, legal or factual'. I do not believe a pleading fatally defective which states facts from which it is manifest that there is such a controversy, though the pleading does not label it a controversy, or say, in so many words that, as to a given issue of law, one party has thrown down the gauntlet. But, however that may be, it does appear, from the complaint, that the defendants, Clark, Sonneman and Sutton became obligated to the plaintiffs upon the sublease; that having succeeded to the interests of the rest the Suttons undertook, under claim of right based on the alleged condition of the building, to cancel the sublease, and refuse to pay rentals thereunder and claim no longer to be bound thereby, and that the plaintiffs refuse to acquiesce in such cancellation. This, I think, is tantamount to saying that the plaintiffs dispute the legal right of the Suttons to do what they have undertaken to do. It further appears from the complaint that the plaintiffs, under claim of right based on the alleged condition of the building and the alleged failure of their lessors to properly maintain it, undertook to cancel the basic lease and that Mrs. Lavery and Gustin refused to acquiesce in that cancellation; and claim that the plaintiffs had no right to terminate the lease. It cannot be gainsaid, therefore, that the complaint shows an actual controversy between the plaintiffs and Mrs. Lavery and Gustin and that the two controversies are very intimately connected together. The complaint, therefore, does show on its face that there are 'actual controversies relating to the legal rights and duties of the respective parties'."

We are satisfied that appellant is arguing for too narrow a construction of our declaratory relief statute and one which, if adopted, would seriously impair a statute which has already proved, and should hereafter increasingly prove, a valuable enlargement of the judicial power of our courts. It was a defect of the judicial procedure which developed under the common law that the doors of the courts were invitingly opened to a plaintiff whose legal rights had already been violated, but were rigidly closed upon a party who did not wish to violate the rights of another nor to have his own rights violated, thus compelling him, where a controversy arose with his fellow, to run the risk of a violation of his fellow's rights or to wait until the anticipated wrong had been done to himself before an adjudication of their differences could be obtained. Thus was a penalty placed upon the party who wished to act lawfully and in good faith which the statute providing for declaratory relief has gone far to remove. We feel that the courts should construe the statute with reasonable liberality so that, in the language quoted, *supra*, from *Hess* v. *Country Club Park*, it may not "lose a large part of the value which, upon its enactment, was supposed to attach to it".

Judgment affirmed.

Knight, Acting P. J., and Cashin, J., concurred.