[Civ. No. 10093. First Appellate District, Division Two.—May 25, 1936.]

CALIFORNIA CANNING PEACH GROWERS (a Nonprofit Cooperative Association), Respondent, v. D. P. CORCORAN et al., Appellants.

Seth Millington and Jerome D. Peters for Appellants.

Agnew & Boekel and Carroll Single for Respondent.

STURTEVANT, J.—This is an appeal from an order denying defendants' motion for a change of venue from Alameda County to Butte County. The record presents no question of fact and but one question of law. ▆ The plaintiff's action against the defendants was one brought in Alameda County for declaratory relief. The defendants contend that D. P. Corcoran and John Doe Miller, copartners doing business under the name of Corcoran & Miller, and residents of Butte

County, were the only defendants against whom a cause of action was pleaded and that B. H. Body Co., a corporation, having its principal place of business in Alameda County, was improperly named as a defendant, and that as against it no cause of action was alleged and therefore the demand of Corcoran & Miller to change the place of trial should have been granted. We find no merit in the contention. The complaint was drawn with meticulous care. It sets forth, among other things, the following facts: The plaintiff is a nonprofit, cooperative association and has been since December 1, 1921. Its articles of incorporation are pleaded *in haec verba*. Its by-laws, in so far as the same are pertinent to this litigation, are pleaded in the same manner. In conducting its business each of its members is required to execute a marketing agreement. The form of that agreement in use by the plaintiff is pleaded *in haec verba*. On January 5, 1933, Corcoran & Miller were the owners of 130 acres of land located about two and one-half miles south from Gridley on the east side of old Marysville Road in Manzanita School district, bounded generally on the north by Dick Criddle, on the south by W. P. Harkey, on the east by the Southern Pacific Railroad, and on the west by the county road, and the said land being known as Corcoran & Miller orchard. On said date the owners executed a marketing agreement with the plaintiff. Among other covenants it contained the following: "That the buyer does hereby purchase and the grower does hereby sell all of the canning peaches to be produced during the years 1922 to 1936 inclusive, on the following described land," etc. It also contained a covenant: "This instrument is intended by the parties to pass to and vest in the buyer a present title to all of the peaches covered hereby, and to give the buyer the right to the possession of said peaches when they are fit to be picked, and immediately thereafter the buyer shall have the right to enter upon said premises and remove the said peaches," etc. And it contained another covenant: " . . . failure or refusal to deliver to the buyer the peaches purchased hereunder, the grower will pay to the buyer a sum equal to fifty per cent. of the market price at San Francisco of said peaches at the time of such breach. . . . " B. H. Body Co., a corporation, is engaged in the business of canning cling peaches at its place of business in Alameda County and it is the "canners"

referred to by the pleader in the passages quoted below. The charging part of the complaint is as follows:

"During the 1935 canning season defendants Corcoran & Miller have delivered to said corporation approximately 100 tons of Tuscan peaches produced on twelve acres of said 130-acre parcel of land described in said marketing agreement, but plaintiff is informed and believes and therefore alleges that the number of canning peaches produced on said 130-acre parcel of land, in addition to said 100 tons of Tuscan peaches produced on said twelve acres of said 130-acre parcel, is approximately 1200 tons. The said defendants Corcoran & Miller have refused to deliver to and market through the said corporation the said 1200 tons of canning peaches produced on the said land during the 1935 season, in accordance with the terms and provisions of the said marketing agreement, and the said defendants Corcoran & Miller, by so refusing to deliver to and market through the said corporation the said 1200 tons, have repudiated the said marketing agreement and have refused, and now refuse, to further perform the same. Plaintiff is informed and believes and therefore alleges that the said defendants Corcoran & Miller are now engaged in harvesting the said 1200 tons of canning peaches and are delivering the same as harvested to the defendant canners, and the said defendant canners are accepting the said peaches as the same are delivered to them, and are canning the same. That the said Corcoran & Miller, claiming to be the absolute owners of the said 1200 tons of said canning peaches, have purported to sell them to the said defendant canners, and the said defendants Corcoran & Miller are looking to the said canners to pay the said defendants Corcoran & Miller directly the purchase price of the said peaches. That the said defendants Corcoran & Miller expect to retain the said purchase price if and when the same is received by them, in the same manner and with the same effect as though they were not members of the said corporation and had never executed the said marketing agreement; and the plaintiff is also informed and believes and therefore alleges that the said defendant canners threaten to pay the said defendants Corcoran & Miller the said purchase price of the said 1200 tons of peaches.

"An actual controversy exists between plaintiff and the said defendants Corcoran & Miller respecting their legal rights and duties under the said marketing agreement.

Plaintiff is informed and believes and therefore alleges that defendants Corcoran & Miller in the said controversy contend as follows: that said marketing agreement executed by said defendants Corcoran & Miller to the said corporation covers only twelve acres of Tuscan peaches out of the said 130 acres of canning peaches, and that the remainder of said 130-acre parcel of land is not covered by said marketing agreement, and that said defendants Corcoran & Miller are not obligated to deliver to said corporation any of the peaches produced on said 130-acre parcel of land, other than the Tuscan peaches produced on said twelve acres of land admitted by defendants Corcoran & Miller to be covered by said marketing agreement. Plaintiff, on the other hand, in the said controversy contends that said marketing agreement covers all of the said 130 acres of cling peaches, and that said defendants Corcoran & Miller are obligated to deliver all of the peaches produced on said 130-acre parcel of land to plaintiff, and that if the said proceeds of the said sale of said 1200 tons of peaches are not paid to said plaintiff by said canners, said defendants Corcoran & Miller will be liable to the plaintiff in liquidated damages, as provided in the said marketing agreement, because of the said breach of the said marketing agreement by them. An actual controversy exists between plaintiff and the said defendant canners concerning their respective rights and duties in relation to the title to the said 1200 tons. Plaintiff is informed and believes and therefore alleges that said defendant canners claim that defendants Corcoran & Miller have title to the said 1200 tons of peaches, and that they are entitled to receive the proceeds thereof. Plaintiff, on the other hand, contends that it has title to the said 1200 tons of peaches under the said marketing agreement, and that it is entitled to the proceeds thereof.'' It is perfectly clear that if the marketing agreement above referred to covered the entire 130-acre parcel the plaintiff has attempted to state a cause of action in conversion against Corcoran & Miller. It is equally clear that under the same set of facts it has attempted to state a cause of action in conversion against B. H. Body Co. (*Daggett* v. *Gray,* 110 Cal. 169 [42 Pac. 568]; 65 C. J. 29.) Moreover, in asking for declaratory relief we do not understand that the pleader should declare the relief. The declaration of the relief will be made by the court. Some of it will be in response to the allegations contained in the

complaint, some in response to the new matter contained in the answers, and some, perhaps, in response to the new matter, if any, introduced by the plaintiff in avoidance of new matter set forth in the answer, that is, matter introduced in the nature of a replication to the defendants' plea.

As it did not appear at first blush, nor at all, that B. H. Body Co. was improperly joined as a defendant, the trial court did not err in denying the defendants' motion to change the venue. (*McClung* v. *Watt*, 190 Cal. 155, 159, 160 [211 Pac. 17].)

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.