[Civ. No. 13794. Second Dist., Div. One. June 2, 1943.]

AMERICAN TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Appellant, v. CALIFORNIA BANK (a Corporation), et al., Respondents.

John Mellen for Appellant.

Walker, Adams & Duque, Earl C. Adams, Robert S. Stevens and Chas. E. R. Fulcher for Respondents.

YORK, P. J.—This is an appeal from judgments of dismissal in favor of defendants after their several demurrers to the complaint had been sustained without leave to amend, in an action for declaratory relief brought under section 1060 of the Code of Civil Procedure.

Said section provides: " (Declaratory Relief). Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form or effect and such declaration shall have the force of a final judgment. Such declaration may be had

before there has been any breach of the obligation in respect to which said declaration is sought."

The questions involved in this appeal are as follows:

1. Does the complaint state a cause of action for declaratory or equitable relief?

2. Is appellant precluded from taking any steps against respondents for its protection during the pendency of, and prior to the determination of, an action against appellant in another state?

The complaint herein alleges that on February 28, 1938, respondent Los Angeles Stock Exchange Clearing House presented by mail for cancellation to appellant at its office in Boston, certificate No. X-123246 for ten shares of appellant's capital stock to which was attached a separate assignment or stock power purporting to be signed by Anna B. Hill, to whom said certificate had been issued; with instructions to appellant to cancel said certificate and issue a new one in the name of Mrs. Lucy C. Pierce; that pursuant to said instructions appellant cancelled the certificate and issued a new one in the name of Mrs. Pierce which it mailed to Los Angeles Stock Exchange Clearing House with its letter of March 15, 1938.

It was further alleged that on said assignment or stock power and attached to said certificate respondents Kerr & Bell on February 28, 1938, affixed the following: "Signature Guaranteed—Kerr & Bell"; that on the same date, respondent California Bank affixed to said assignment attached to said certificate the following: "Signature Guaranteed— California Bank, Los Angeles, by A. R. Weyer, Asst. Cashier."

It is then alleged that there is pending in New York State an action between Anna B. Hill and appellant Telephone Company in which the former seeks damages in the sum of $2,817.50 by reason of the alleged conversion by appellant of 20 shares of appellant's stock "represented by certificates Nos. X-123245 and X-123246 for ten shares each, on the alleged ground that the defendant telephone company transferred said certificates without authority and without an endorsement made on said certificates by or on behalf of said Anna B. Hill and without any stock power or other written transfer executed by her, and further that said telephone company upon forged stock powers wrongfully accepted the

surrender of said certificates and cancelled the same and in lieu thereof issued and delivered new certificates therefor to a person other than the said Anna B. Hill and wrongfully transferred the said shares on its books and stock records to such other person as the owner of said shares.'' In said action said Anna B. Hill prays that said telephone company be directed to issue new certificates to her or pay her the sum of $2,817.50. A copy of the amended complaint filed in the pending New York State action was attached to and made a part of the complaint herein, marked Exhibit ''D.''

Then follows an allegation that the value of the ten shares represented by certificate No. X-123246 would be $1,408.75 figured on the basis of the alleged value of the twenty shares which are the subject of the action pending in New York.

It is further alleged that it is the accepted custom among banks, trust companies, stock exchanges and similar business and financial institutions that the signature of their duly authorized agents accompanying or under the words ''Signature Guaranteed'' upon an assignment or stock power or power of attorney, when a certificate of stock and such assignment are presented to a transfer agent with instructions to transfer the stock represented thereby out of the name of the registered holder ''was and is a guarantee . . . that the signature of the registered holder affixed to the assignment . . . is in all respects the genuine and correct signature of the registered holder of the stock and that the assignment is genuine and valid in all respects.'' Further, that respondents Kerr & Bell and California Bank guaranteed to appellant that the signature of Anna B. Hill on the assignment attached to said certificate X-123246 was the genuine signature of Anna B. Hill, and that respondent Los Angeles Stock Exchange Clearing House in presenting the certificate warranted that the assignment on the certificate was genuine; that relying upon said guaranties appellant cancelled said certificate and transferred the stock thereby represented on its books from the name of Anna B. Hill and issued a new certificate for ten shares in lieu thereof in the name of Mrs. Lucy C. Pierce and delivered the same to the respondent Los Angeles Stock Exchange Clearing House pursuant to its said instructions; that appellant notified respondents as soon as it had knowledge of the claim of Anna B. Hill against it through the institution of the New York action, but re-

spondents have refused to take any action in respect thereof.

Appellant's final allegation is to the effect that in the event judgment is obtained in the New York action adjudging that the stock power or assignment of certificate No. X-123246 is forged and invalid and that the transfer of the stock represented thereby was wrongful, as alleged in the complaint in the New York action, then respondents are liable to appellant for the amount of any loss or damage sustained by reason of the guaranties of said respondents as to the genuineness and validity of the assignment attached to said certificate, and of the signature of Anna B. Hill appearing thereon; that it will be several months before the action pending in New York State can be tried and decision rendered therein; that meanwhile the statute of limitations applying to written instruments in California will have run against appellant, to wit: on February 28, 1942, with the result that appellant "will be deprived of substantial rights and property, of a legal remedy, that it will suffer irreparable loss and damage, and will have no redress from or recovery from ultimate loss unless and until this court shall grant it relief by issuing its decree or rendering its judgment" against respondents for whatsoever sum this appellant may ultimately lose or be adjudged liable for to Anna B. Hill in the pending New York action.

The prayer of the complaint is for judgment against respondents for such sum, together with interest and costs, and to such extent, as said Anna B. Hill may recover from appellant in the New York action, and for such other and further relief as to the court may seem meet and proper.

Respondents California Bank and Kerr & Bell urge that the appellant has failed utterly to state any cause of action, in that the complaint does not allege that the stock power was not genuine, that the certificate was invalid, that the signature of Mrs. Hill was a forgery, nor does it allege that said respondents failed to conform to the so-called custom, which they claim was improperly pleaded in said complaint.

Respondent Stock Exchange contends that the complaint herein is described as one for declaratory relief, but that it also seeks a money judgment depending upon the outcome of an action pending in another state; therefore, if the action is intended as one for declaratory relief, it fails to state a cause of action therefor "because no facts are set forth which give rise to a present controversy with respect to which the lower

court can give judgment conclusively determining the rights of the litigants''; and if the complaint seeks a money judgment, it is defective in that the amount sought is not within the jurisdiction of the superior court.

 On the question of the jurisdiction of the superior court as to actions brought pursuant to section 1060 of the Code of Civil Procedure, it was held in *Cook* v. *Winklepleck*, 16 Cal.App.2d Supp. 759, 765 [59 P.2d 463]: "An action for declaratory relief is essentially an equitable proceeding. (*McCaughna* v. *Bilhorn*, 10 Cal.App.2d 674 [52 P.2d 1025]; 1 C.J.S. 1046.) When a court of equity once obtains jurisdiction of a case it will decide the whole case as between the parties and not leave any part of it for future litigation. (*Becker* v. *Superior Court*, 151 Cal. 313 [90 P. 689], at p. 316; *Robinett* v. *Brown*, 167 Cal. 735 [141 P. 368]; *Bettencourt* v. *Bank of Italy*, 216 Cal. 174, 179 [13 P.2d 659].) The superior court therefore retained jurisdiction over the case stated in the first count of the complaint herein and should have determined the issues as to the money award sought by plaintiff, even though, as in *Becker* v. *Superior Court, supra*, the amount thereof was below the limit of its jurisdiction in actions at law." (See, also, *Zimmer* v. *Gorelnik*, 42 Cal.App. 2d 440, 447 [109 P.2d 34].)

In a new article, entitled "Declaratory Relief," appearing in 5 Cal.Jur. Ten-year Supp. 107 at 115, it is stated:

"The complaint in an action for declaratory relief should, of course, allege facts which warrant the granting of the relief sought. 'As we understand section 1060, *supra*, it is sufficient if a plaintiff allege facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and request that these rights and duties be adjudged by the court.' (*Pacific States Corp.* v. *Pan-American Bank of California*, 213 Cal. 58, 1 P.2d 4 [981].) A complaint which alleges facts which show that an 'actual controversy relating to the legal rights and duties of the respective parties' exists between the parties growing out of 'written instruments,' and asks that these rights be adjudged by the court, is sufficient even though matters unnecessary to an action for declaratory relief are also alleged. (*Oldham* v. *Moodie*, 94 Cal.App. 88, 270 P. 688.) (See, also, *California Canning Peach Growers* v. *Corcoran*, 14 Cal.App.2d 264, 57 P.2d 1360; *Tide Water*

*Assoc. Oil Co.* v. *Curtin,* 41 Cal.App.2d 884, 107 P.2d 945; *Bogardus* v. *Santa Ana Walnut Growers Assn.,* 41 Cal.App. 2d 439, 108 P.2d 52.) And if the plaintiff seeks both affirmative and declaratory relief, the complaint and prayer should be so framed as clearly to advise the trial court and the adverse party that the plaintiff is seeking, in addition to affirmative relief, a declaratory judgment. (*Merchants' Trust Co.* v. *Hopkins,* 103 Cal.App. 473, 284 P. 1072; *Rolapp* v. *Federal Bldg. & L. Assn.,* 11 Cal.App.2d 337, 53 P.2d 974.) The existence of an actual controversy should be averred (*Pacific States Corp.* v. *Pan-American Bank, supra; Tolle* v. *Struve,* 124 Cal.App. 263, 12 P.2d 61; *City of Alturas* v. *Gloster,* 16 Cal.2d 46, 104 P.2d 810); and, in complying with this requirement, it is sufficient to allege facts showing the existence of a controversy as to the legal rights and duties of the respective parties under a written instrument. It is not necessary to allege facts showing that the terms of a written instrument have been breached or violated. (*Pacific States Corp.* v. *Pan-American Bank, supra.*) . . .

"Unless other relief is also sought by the complaint, the judgment should merely declare the rights of the parties under the instrument under consideration. . . .

"It is provided by statute that a plaintiff may apply for declaratory relief 'either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time.' In view of this provision, under appropriate pleadings, a judgment for accrued rent may accompany a declaration of the rights and duties of the parties to a lease (*Tolle* v. *Struve, supra*), and, in a proper case, the court, in addition to declaring the title of the plaintiff to the property in question, may enjoin the defendants from making a transfer thereof."

"A complaint alleging facts showing that others claimed title to corporate stock belonging to the plaintiff, under either an oral or written trust and under a fraudulent transfer, has been held to state a cause of action under a declaratory judgments act, allowing a suit in cases of actual controversy by one desiring a declaration of his rights or duties with respect to another, or in respect to, in, over, or upon property. (105 A.L.R. 298.)" (16 Am.Jur. 335.)

By the instant action filed on February 16, 1942, appellant apparently seeks a declaration protecting its right to re-

imbursement from respondents of whatever sum it becomes obligated to pay to Mrs. Hill under the judgment in the New York action by reason of respondents having guaranteed on February 28, 1938, the forged signature of Mrs. Hill to the assignment purporting to transfer stock certificate No. X-123246. Moreover, unless appellant is entitled to a judgment herein declaring its right to such reimbursement, respondents will be able to interpose to any future action brought by appellant based upon respondents' written guaranties, the defense that the statute of limitations ran against the same on February 28, 1942, at which time the judgment in the New York action had not been rendered.

■ In support of their contention that the trial court properly sustained their demurrers to the complaint without leave to amend, respondents rely mainly upon appellant's failure to allege directly that the signature of Mrs. Hill to the transfer of stock was a forgery.

While this is true, it should not be overlooked that forgery was a question of fact to be determined in the New York action. Appellant alleged in its complaint herein the pendency of the other action attaching as Exhibit "D" a copy of the amended complaint filed in New York which was based upon the wrongful acceptance by appellant of the forged stock power and its transfer of Mrs. Hill's stock to a third person.

" 'In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.' (Code of Civ. Proc., sec. 452.) So as against a general demurrer, a complaint will be liberally construed with a view to substantial justice; any mere ground of special demurrer for uncertainty will be resolved in support of the complaint, and the demurrer will be overruled when the necessary facts are shown to exist, although inaccurately or ambiguously stated, or appearing only by necessary implication. The rule of liberal construction does not, however, permit the insertion, by construction, of averments which are neither directly made nor within the fair import of those which are set forth." (21 Cal.Jur. 53, sec. 30.)

"The rule in this state with respect to the construction of a pleading, for the purpose of determining its effect, is that its allegations must be liberally construed, with a view to substantial justice between the parties. (Code Civ. Proc. sec.

452.) It is not to be assumed from that rule of construction, however, that by construction there may be inserted in a pleading vital pretermitted averments or averments which are neither directly set forth therein nor reasonably within the fair import of the language of those which are set forth. *But if the averments themselves may, without a strained construction, or without doing violence to language, be held clearly to imply or state a fact essential to the statement of a cause of action, or to the support of the theory upon which reliance must be had to make out a case or a defense, then the rule of the code should be invoked and the pleadings construed with a view to the promotion of substantial justice between the parties to the action."* (*Howard* v. *D. W. Hobson Co.,* 38 Cal. App. 445, 449 [176 P. 715].) (Emphasis added.) See, also, *Risco* v. *Reuss,* 45 Cal.App.2d 243, 245 [113 P.2d 914], where it is stated: "While upon a general demurrer a complaint will be liberally construed with a view to substantial justice (21 Cal.Jur. 54), yet such a rule should not be so applied as to allow an unmeritorious cause of action to be veiled by a subterfuge of loose and equivocal statements. Substantial justice requires that the essential facts appear at least by necessary implication from the allegations set forth."

In the instant action, it is alleged "That there is now pending in the Supreme Court of the State of New York, County of New York, an action . . . in which the said Anna B. Hill seeks damages from the said defendant, the plaintiff herein, . . . by reason of the alleged conversion by defendant telephone company of twenty (20) shares of said defendant's stock represented by Certificates Nos. X123245 and X123246 for ten shares each, on the alleged ground that the defendant telephone company *transferred said certificates without authority* and without an endorsement made on said certificates by or on behalf of said Anna B. Hill and without any stock power or other written transfer executed by her, *and further that said telephone company upon forged stock powers* wrongfully accepted the surrender of said certificates and cancelled the same and in lieu thereof issued and delivered new certificates therefor to a person other than the said Anna B. Hill and wrongfully transferred the said shares on its books and stock records to such other person as the owner of said shares." (Emphasis added.)

Following this are allegations to the effect that respondents Kerr & Bell and California Bank "guaranteed to plaintiff that

the signature of Anna B. Hill on the assignment attached to certificate No. X123246 was the genuine signature of Anna B. Hill''; and that relying upon such guaranties appellant cancelled said certificate and transferred the stock represented thereby to a third person.

Therefore, the allegation that the assignment or stock power herein was forged clearly appears "by necessary implication from the allegations set forth." (*Risco* v. *Reuss, supra.*)

It is contended by respondent Stock Exchange that no facts are set forth which give rise to a present controversy. As to this, it would appear that an actual controversy arose between the parties immediately upon the filing of the complaint in the New York action in which Mrs. Hill sought damages from appellant because it had theretofore issued its stock certificate to a third person based upon an alleged forged stock power. It cannot be maintained that a pleading is fatally defective "which states facts from which it is manifest that there is such a controversy, though the pleading does not label it a controversy, or say, in so many words that, as to a given issue of law, one party has thrown down the gauntlet." (*Tolle* v. *Struve*, 124 Cal.App. 263, 270 [12 P.2d 61].)

"One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights. (*Updegraff* v. *Attorney-General*, 298 Mich. 48 [298 N.W. 400, 135 A.L.R. 931, 933, and annotations].)

Since it is clearly apparent that appellant has no other remedy and must prevail in the instant action, if it is to preserve its legal right to recover from respondents the damage occasioned by their guaranties of a forged signature, the pleadings should be construed with a liberality consonant with equitable principles, in order that justice may be done between the parties hereto.

For the reasons stated, the judgments of dismissal are reversed and the cause remanded for further proceedings, in accordance with the views herein expressed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied June 24, 1943, and respondents' petition for a hearing by the Supreme Court was denied July 29, 1943. Shenk, J., and Traynor, J., voted for a hearing.