NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID MARKS, an individual on behalf of himself and all others similarly situated, | No. 22-55453 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-04043-MCS-JPR |
| v. | |
| UMG RECORDINGS, INC., a Delaware corporation; CAPITOL RECORDS, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted June 12, 2023
Pasadena, California

Before: BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,[**] District Judge.

David Marks, a member of the Beach Boys between 1962 and 1964, appeals

a district court order dismissing his Second Amended Complaint (SAC) with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

prejudice. Because the parties are familiar with the facts, we repeat them here only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order in part, reverse it in part, and remand.

We review de novo the district court's dismissal for failure to state a claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). At the motion to dismiss stage, the facts alleged in a complaint are accepted as true and the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1. The district court dismissed Marks' claim for breach of contract because the court concluded that Marks failed to plead a "bargained-for agreement that Defendants breached." We agree. To plead a breach of contract claim, Marks needed to plausibly allege the existence of a valid contract, *see Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 628 (Cal. Ct. App. 2009), which requires: (1) parties that are capable of contracting; (2) their consent; (3) a lawful object; and (4) "[a] sufficient cause or consideration," Cal. Civ. Code § 1550. Consideration is "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, . . . to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor." Cal. Civ. Code § 1605.

Marks concedes that he is not entitled to royalties for foreign digital

streaming of his music based on the parties' original written agreement, but he argues the parties impliedly modified their agreement by their conduct.[1] Specifically, Marks argues that defendants impliedly agreed to pay him digital streaming royalties in exchange for his forgoing suit to rescind the written agreement on the grounds that the emergence of digital streaming in the recording industry frustrated the purpose of the original contract. California recognizes that forbearance, or declining to pursue legal remedies, is a valid form of consideration. *See Levine v. Tobin*, 26 Cal. Rptr. 273, 274 (Cal. Dist. Ct. App. 1962). But "mere forbearance to sue without agreement to forbear, or the mere act of forbearance if not given for the promise, does not constitute a consideration." *Anglo Cal. Nat'l Bank of S.F. v. Far WestLumber Co.*, 313 P.2d 10, 11 (Cal. Dist. Ct. App. 1957) (citations omitted); *see Wine Packing Corp. of Cal. v. Voss*, 100 P.2d 325, 330 (Cal. Dist. Ct. App. 1940). Even though "[t]he promise to forbear may . . . be implied as well as express," *Anglo Cal. Nat'l Bank*, 313 P.2d at 11, to survive a motion to dismiss, Marks needed to plausibly allege that his forbearance was part of a bargained-for exchange with defendants, *see Orcilla v. Big Sur, Inc.*, 198 Cal. Rptr. 3d 715, 734 (Cal. Ct. App. 2016).

---

[1] Marks signed his original written agreement with defendants in 1962. The parties executed a written amendment to the agreement in 1964, and amended it again in 1972 pursuant to a written settlement agreement. We use "written agreement" to refer to the 1962 contract as subsequently amended by the parties.

Defendants argue that Marks forfeited the forbearance theory of consideration that he argues on appeal by failing to raise it in his opposition to defendants' motion to dismiss. We need not decide whether Marks forfeited this claim because it fails on its merits.

Even if not forfeited, defendants argue that Marks failed to plausibly allege that his forbearance from suit was part of a bargained-for exchange. Marks contends that there are three reasons why the SAC's allegations are sufficient: (1) defendants operate a for-profit business that began paying Marks royalties for foreign streaming to which he was not entitled under the written agreement; (2) the SAC alleges (without any elaboration) that defendants paid royalties to dissuade Marks from filing a rescission claim; and (3) under California law, Marks' "act of forbearance . . . itself" may be "evidence of an agreement to forbear," *Anglo Cal. Nat'l Bank*, 313 P.2d at 12 (citation omitted). We are not persuaded by Marks' arguments. The SAC contains no factual allegations that Marks expressly or impliedly communicated to defendants that he had a right to receive the digital streaming royalties, that he expressly or impliedly communicated an intention to rescind his written agreement, or that he otherwise communicated a choice to forgo legal rights by accepting the digital streaming royalties. *See E-P Constructors, Inc. v. Peterson Tractor Co.*, 13 Cal. Rptr. 569, 572–73 (Cal. Ct. App. 1961); *Anglo Cal. Nat'l Bank*, 313 P.2d at 10–11. The SAC also lacks allegations suggesting

that defendants asked Marks for anything in return as a condition for payment of royalties, or that the parties expressly or impliedly communicated regarding the foreign digital royalties at all. *See Whelan v. Swain*, 64 P. 560, 561 (Cal. 1901); *Levine*, 26 Cal. Rptr. at 275; *E-P Constructors, Inc.*, 13 Cal. Rptr. at 572–73. Marks' receipt of royalties and his failure to initiate suit, without more, are not enough to show that forbearance was consideration for a bargained-for exchange with defendants in which they provided royalties for foreign streaming. We affirm the dismissal of Marks' claim that the parties impliedly modified their written contract.

2. Marks separately contends that defendants fraudulently misrepresented the royalties paid to him because the royalty statements reflected a 50% royalty for digital streaming revenue collected by foreign affiliates, without disclosing that defendants had deducted an intercompany charge before calculating the 50% royalty. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Davidson v. Kimberly-*

*Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quoting *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

Marks' allegations fail to satisfy Rule 9's heightened pleading standard. First, because the SAC failed to plead a valid contract that covers digital streaming royalties, it also failed to plausibly allege that defendants had a contractual duty to disclose their method of calculating royalties paid for foreign digital streaming. *See, e.g.*, *LiMandri v. Judkins*, 60 Cal. Rptr. 2d 539, 543 (Cal. Ct. App. 1997) (explaining that claims for misleading omissions or concealment under California law require the plaintiff to show that the defendant had a duty to disclose the relevant information based on the parties' pre-existing relationship that originates from "some sort of *transaction* between the parties"); *L.A. Mem'l Coliseum Comm'n v. Insomniac, Inc.*, 182 Cal. Rptr. 3d 888, 909–10 (Cal. Ct. App. 2015). Second, the SAC contains no allegations that Marks would have acted differently or taken any particular action had he known about defendants' method of calculating royalties. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012) (explaining that a plaintiff alleging fraud under California law must allege that he "would not have acted as he did had he known of the concealed or suppressed fact"). We affirm the dismissal of Marks' fraud claim for failure to satisfy Rule 9's pleading requirements.

3. Because Marks' breach of contract claim fails, his claim for breach of the implied covenant of good faith and fair dealing also fails. *See, e.g.*, *San Diego Hous. Comm'n v. Indus. Indem. Co.*, 80 Cal. Rptr. 2d 393, 403 (Cal. Ct. App. 1998) ("Where a breach of contract cannot be shown, there is no basis for finding a breach of the covenant." (citation omitted)). Apart from his claim for declaratory relief, Marks does not dispute the district court's dismissal of his remaining claims or the district court's conclusion that all of the remaining claims depend on the viability of either his fraud or breach of contract allegations. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("[We] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). We therefore affirm the dismissal of Marks' claims for accounting, account stated, and violations of California's Business and Professions Code.

4. The SAC includes a claim for declaratory relief. Specifically, the SAC seeks a declaration that if defendants "do not have an ongoing obligation to pay for digital streaming," the parties' agreement may be rescinded and/or that its purpose has been frustrated. The district court dismissed Marks' claim for declaratory relief because it concluded that Marks was not entitled to rescission, and also concluded that his declaratory relief claim was dependent on the merits of his breach of contract and fraud claims. The district court did not address Marks'

7

request for a declaration that the purpose of the parties' written agreement had been frustrated by the music industry's transition to digital streaming. Frustration may serve as a potential ground for rescission when there is a complete failure of consideration, *see* Cal. Civ. Code § 1689(b)(3), but it may also excuse a party from prospectively performing his end of the bargain under a contractual agreement, *see Lloyd v. Murphy*, 153 P.2d 47, 50 (Cal. 1944); *Johnson v. Atkins*, 127 P.2d 1027, 1029 (Cal. Dist. Ct. App. 1942). Marks seeks remand to the district court to pursue declaratory relief on his rescission and frustration theories.

Defendants propose three alternative grounds for affirmance. First, defendants argue that declaratory relief functions only as a remedy, not a freestanding cause of action. We disagree. In California, "[a]ny person interested . . . under a contract," may bring an original action for a declaration regarding their "legal rights and duties," when there is an "actual controversy" between the parties. Cal. Civ. Proc. Code § 1060; *see Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 960 (9th Cir. 2013); *Maguire v. Hibernia Sav. & Loan Soc'y*, 146 P.2d 673, 678 (Cal. 1944) (permitting a standalone claim for declaratory relief); *Nede Mgmt., Inc. v. Aspen Am. Ins. Co.*, 284 Cal. Rptr. 3d 122, 127–28 (Cal. Ct. App. 2021) (same).[2]

---

[2] In response to a question at oral argument, defendants asserted that Marks' request for declaratory relief is governed by federal law. This is the basis for (cont.)

Because: (1) Marks alleges the purpose of the written agreement has been frustrated by the transformation of the recording industry from relying on the manufacturing and sale of phonorecords to broad use of digital recordings; and (2) defendants concede they have a binding written contract with Marks that obligates them to pay royalties for their exclusive use of his master recordings, but they also argue that they pay Marks royalties for foreign streaming on an entirely voluntary basis; the requirement for an "actual controversy" is met here.

Defendants next argue that the district court did not err by dismissing Marks' request for declaratory relief because he failed to plausibly allege that the purpose of the parties' written agreement has been frustrated, and Marks is not entitled to rescission because the SAC asserts Marks' intention to retain the royalties he received pursuant to the parties' written contract. Neither argument is sufficient to defeat the SAC at the Rule 12(b)(6) stage. The availability of

---

defendants' argument that declaratory relief invokes only a remedy, not a freestanding cause of action. *See City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) (observing that the federal Declaratory Judgment Act "does not provide an affirmative cause of action where none otherwise exists" unless the plaintiff pleads a "defensive" declaratory action against a valid anticipated claim). Here, Marks does have a valid affirmative cause of action because California law unambiguously provides a claim for declaratory relief when there is an actual controversy about the parties' rights and duties under a contract. *See Hess v. Country Club Park*, 2 P.2d 782, 783 (Cal. 1931); *Tolle v. Struve*, 12 P.2d 61, 62–63 (Cal. Ct. App. 1932); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 17 n.16 (1983) ("California may well regard its statute as having a more substantive purpose than the federal Act . . . .").

declaratory relief in California does not depend on whether Marks' claims will ultimately succeed, *see Maguire*, 146 P.2d at 678, and as explained, Marks has pleaded an "actual controversy" sufficient to state a claim for declaratory relief under California law, Cal. Civ. Proc. Code § 1060. California law provides that service of the SAC on defendants constituted sufficient notice that Marks intended to rescind his written agreement and is also deemed an offer to "restore the benefits received under the contract." *See* Cal. Civ. Code § 1691. Second, the SAC alleges that the purpose of the written agreement has been frustrated because Marks contends that the agreement "presumed that the record labels' main business was, *and always would be*, the sale of phonorecords," that the market for digital streaming has almost entirely displaced the market for the sale of phonorecords, and that Marks desires to be excused from performing his contractual duties for this reason. Under Federal Rule of Civil Procedure 8(d)(3), Marks was entitled to plead his rescission- and frustration-based declaratory relief claims in the alternative if his claim for breach of an implied contract failed, even though these claims were inconsistent with his breach of contract theory. *See* Fed. R. Civ. P. 8(d)(3).

Last, defendants argue that Marks' request for declaratory relief is not ripe because they have never threatened to cease paying Marks royalties for digital streaming. This argument fails because a private party contractual dispute is ripe

when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1086 (9th Cir. 2015) (quoting *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005)). The "actual controversy" between the parties is ripe and satisfies Article III because, as explained, there is a controversy over Marks' entitlement to royalties for foreign digital streaming and over whether the purpose of the parties' written agreement has been frustrated.

We affirm the dismissal of Marks' claims for: (1) breach of a modified contract for royalties; (2) fraud; (3) breach of the implied covenant of good faith and fair dealing; (4) account stated; (5) accounting, and (6) violations of California's Business and Professions Code. We reverse the district court's dismissal of the declaratory relief claim to the extent Marks seeks a declaration that the purpose of the written agreement has been frustrated, or a declaration that he is entitled to rescission of the parties' contract. We leave to the district court to decide what rights and remedies, if any, may be available if Marks is able to establish the defense of frustration.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**[3]

---

[3] The parties shall bear their own costs on appeal.